(No. 28609.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED JANKOWSKI, Plaintiff in Error.

*Opinion filed September 19, 1945—Rehearing denied Nov. 15, 1945.*

THADDEUS C. TOUDOR, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, EDMUND GRANT, and WILLIAM BRUMLIK, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The criminal court of Cook county, on hearing without a jury, found plaintiff in error guilty of the crime of assault with intent to commit rape, and sentenced him to the penitentiary for a term of not less than one and not more than two years. He brings the record here urging that the State failed to prove specific intent to commit the crime charged in the indictment, and failed to prove the name of the party injured as laid in the indictment. It is also urged that the court erred in admitting in evidence a statement of plaintiff in error. An issue of fact to be determined by the trial court was presented.

The indictment charged plaintiff in error with an assault with intent to commit the crime of rape upon the person of one Catherine Valenta. The proof is that plaintiff in error made an assault upon Katherine Balenta. Plaintiff in error contends the variance is fatal, and, as his oral motion in arrest of judgment was overruled, this court will presume that every proper reason for arresting

the judgment was presented to and argued before the trial court. Defendant in error replies that this claim of error was raised for the first time in this court and so comes too late.

This court has held, as contended by plaintiff in error, that section 77 of the Practice Act, in force prior to July 1, 1933, requiring motions for new trial and in arrest of judgment to be in writing, was directory only; that where the grounds for the motion were filed, all causes not specified were deemed waived and a reviewing court was confined to the reasons stated; but where the motion was submitted without specifying the grounds therefor, the complaining party could avail himself of any cause for a new trial which may appear in the record, and this rule applied to both civil and criminal cases. (*People* v. *Cohen,* 352 Ill. 380; *Anderson* v. *Karstens,* 297 Ill. 76.) That rule also applied to motions in arrest of judgment and when such motion did not specify the grounds therefor. *People* v. *Goldberg,* 287 Ill. 238.

When those decisions were rendered there was no provision in the Criminal Code regulating procedure in the trial court, in criminal cases, on that subject. In 1933, the legislature amended section 17 of division XIII of the Criminal Code by adding thereto the following: "All motions for new trial and in arrest of judgment shall be made in writing." (Ill. Rev. Stat. 1943, chap. 38, par. 747, p. 1229.) The fact that this provision was specifically written into the Criminal Code indicates a legislative intent that it shall be considered mandatory and not directory in criminal cases. This court has not had occasion to interpret that amendment. The object of motions for new trial and in arrest of judgment is to call to the attention of the trial court errors claimed to exist, so that the same, if they exist, may be corrected in that court. The amendment under consideration is clear, and directs that such motions shall be in writing. This shows a clear intention

on the part of the legislature to require all defendants in criminal cases to apprise the trial court of all grounds for a new trial or for arrest of the judgment, so that a ruling may be had thereon and the trial court given an opportunity to correct any error called to its attention. Failure so to do is a waiver of errors not assigned and precludes assigning as error any point not specified in the motions. In this case the record shows that the motion in arrest of judgment was oral. It does not show that any specific grounds were stated either in the motion for a new trial or in arrest of judgment, and therefore an error assigned, not shown by the record to have been presented to the trial court for a ruling, cannot be considered by this court.

Aside from this rule of law, the following appears from the record: While the indictment charged an assault, with intent, upon one Catherine Valenta, and the proof was that the assault was made upon Katherine Balenta, no objection as to failure of evidence in this regard nor of variance seems to have been raised in the trial of the case. Plaintiff in error, however, argues that as no witness testified that Katherine Balenta, who testified that she was the person upon whom the assault was made, was one and the same person as Catherine Valenta, the person named in the indictment as the person assaulted, the variance is fatal, and can be reached under the general assignment of error that the evidence does not support the indictment.

Section 9 of division XI of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 719, p. 1226,) reads in part as follows: "no motion in arrest of judgment, or writ of error, shall be sustained, for any matter not affecting the real merits of the offense charged in the indictment." In the case under consideration the difference in the name of the person in the indictment and the complaining witness does not go to the "real merits" of the case unless it can be shown that plaintiff in error might be again put in jeopardy for the same offense or unless his

rights were otherwise injured thereby. That plaintiff in error made an assault upon a female at the time and place alleged in the indictment, was amply proved and not denied by plaintiff in error; neither does he deny that Katherine Balenta was the woman he then and there assaulted. The object of requiring an indictment to name the person assaulted is to provide identification, so that the accused may prepare his defense and not be taken by surprise on the trial, and to prevent his being twice tried for the same offense. (*People* v. *Weisman,* 296 Ill. 156; *People* v. *Reilly,* 257 Ill. 538.) Where, from the record, there is no question of the identity of the victim as the person named, such variance is not fatal. (*Little* v. *People,* 157 Ill. 153.) The alleged variance did not take plaintiff in error by surprise for he admitted that Katherine Balenta was the woman he assaulted and who, within an hour after the assault, identified him as her assailant, at the police station. His sole defense was that he had no intention of raping her and that the evidence utterly failed to prove that intent. The bill of exceptions plainly shows that Catherine Valente named in the indictment, was the witness Katherine Balenta who testified as the complaining witness. This record is sufficient to protect plaintiff in error from a second prosecution. The general rule also is that substantial as well as formal identity may be shown by parol testimony, (2 Wharton on Criminal Evidence, 10th ed. sec. 593,) which is always admissible, and sometimes necessary, to establish the defense of prior conviction or acquittal. (*Durland* v. *United States,* 161 U. S., 306, 40 L. ed. 709.) Objections of variance should show that the variance complained of was of such a character as to affect the substantial justice of the cause. The variance claimed on this record is not substantial or fatal. Plaintiff in error's contention that there is a fatal variance between the indictment and the evidence cannot be sustained.

Plaintiff in error contends that the evidence fails to prove the specific intent to commit the crime of rape charged in the indictment. That he assaulted the complaining witness is admitted. The evidence shows, and it is not denied, that plaintiff in error was intoxicated. Complaining witness testified that when she was within twenty feet of her own home, on a well-lighted street, plaintiff in error, without saying anything to her, grabbed her, started choking her, knocked her down and got onto her and tried to raise her skirt. During that time she did not notice anything about his trousers. She also testified that she screamed. She further testified that she struck at him with her purse; that when she got up he knocked her down again by striking her with his hands. On cross-examination she testified plaintiff in error did not say anything; that at one time she struck him with her purse in the face; that she pushed him but he did not fall down, and that he did not try to get her purse from her. She further testified that at that time she did not know what the man wanted from her, and that he did not threaten her. She testified that she did not see any weapon; that he did not try to pull her into the dark part of the street or into the prairie but had her on the sidewalk.

Plaintiff in error testified he was intoxicated; that he was walking behind the complaining witness, whom he did not know; that his attention was attracted because she stopped, turned and looked at him; that he thought probably he knew her; that he said something to her but he did not know what he said; that immediately after that she hit him with her purse, and he put his hand upon her shoulder, so she would not hit him any more; that he did not strike her; that she held him by his tie, ripped his shirt and started screaming for help, and that in the course of the struggle he probably hit her but did not remember. He testified that others came and when he tried to get away they caught him and beat him severely. He denied

that he at any time intended to have intercourse with her and did not intend to rape her; that he did not put his hand under her dress and did not have his trousers open at the time he was arrested. About twelve hours after his arrest he made a statement to police officers in which he stated that he intended to rape complaining witness.

It is contended that it was error to admit this statement, which was in the nature of a confession, on the ground that it was made after he was beaten by the police officers and was made through fear of further beating. His counsel argue also that it was error to fail to call all persons in charge of him on the question of the admissibility of the statement. He testified on the hearing concerning that matter that Sergeant Truksa was the only one who beat him and threatened him; that he was told of his constitutional right to refuse to make a statement; that he did not know what he signed, but that the signature to the statement was his. He also stated that he did not remember making the statement. He also testified that he was intoxicated and that several persons at the time of the assault attacked him and beat him severely. Sergeant Truksa testified denying that any threats or abuse were used against plaintiff in error, but that he made the statement voluntarily after he was told his constitutional rights and that he did not need to make a statement if he did not choose to do so. This evidence together with the fact that plaintiff in error did not admit making the statement but stated that he did not remember anything about making such a statement, were sufficient to justify the admission of the statement in evidence. The court heard the evidence and we are of the opinion that the finding of guilty was justified by the record. (*People* v. *Klyczek*, 307 Ill. 150.) The judgment of the criminal court is affirmed.

*Judgment affirmed.*