(No. 35562.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ORA ZERBA, Plaintiff in Error.

*Opinion filed September 29, 1960.—Rehearing denied Nov. 30, 1960.*

270

Ernst Liebman, and Donald Page Moore, both of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Bruno W. Stanczak, State's Attorney, of Waukegan, (Fred G. Leach, and Jim D. Keehner, Assistant Attorneys General, and Jack Hoogasian, and Eugene T. Daly, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

By information in the circuit court of Lake County Ora Zerba was charged with the crime of taking indecent liberties with a female child under fifteen years of age. After waiving prosecution by indictment he pleaded guilty and was sentenced to the penitentiary for a term of not less than nineteen nor more than twenty years. He prosecutes this writ of error, contending the record fails to show he understood the nature of the charge against him, the consequences if found guilty, the right to be defended by counsel, or the right to be held to answer for the offense on indictment by a grand jury.

At the time of his arraignment defendant was 65 years of age. He was not represented by counsel. As originally filed in this court the common-law record failed to show he was advised of his right to counsel, or that he was properly admonished in other respects as required by Rule 26 of this court. (Ill. Rev. Stat. 1959, chap. 110, par. 101.26.) After investigation revealed that the transcript of proceed-

ings on arraignment had been inadvertently omitted the People suggested diminution of the record, and this court allowed it to be supplemented.

The transcript as subsequently filed and made part of the record shows that defendant was advised of the consequences of his plea, his right to have the matter presented to a grand jury, and his right to be represented by counsel. It further appears from inquiries by the court and defendant's answers thereto that the explanations were understandingly received and that defendant, knowing the nature of the offense with which he was charged, understandingly waived the rights. Examination of the corrected record reveals no basis for the contentions made by defendant with respect to the record as originally filed, and where such is the case the conviction must stand even though the original record failed to contain the showing required by Rule 26. *People* v. *Little,* 9 Ill.2d 520.

It is urged that the trial court erred in failing to hold a hearing to determine the sanity of defendant. The law is clear that the trial, conviction, or sentence of a person at a time when he is insane violates his constitutional right to due process. (*Brown* v. *People,* 8 Ill.2d 540.) An inquiry into the mental condition of an accused should be made whenever, at any time while criminal proceedings are pending against him, the trial court, either from observation or upon suggestion of counsel, has facts brought to its attention which raise a doubt of the sanity of the defendant. (*People* v. *Burson,* 11 Ill.2d 360.) To show a doubt of sanity in the case at bar defendant relies upon the facts that he was 65 years of age and in bad health, that he had been declared a criminal sexual psycopath in 1942 and was ordered to be confined in the penitentiary until cured; and that throughout the present proceedings he repeatedly expressed a desire to get the matter over with as quickly as possible, exhibiting no regard to the consequences of his actions. It is also argued that the trial

judge indicated defendant was of unsound mental condition when he remarked to defendant "You are not in a position where you are able to control yourself."

Examination of the record shows that the quoted remark of the trial judge was made at the hearing in mitigation and aggravation, after it appeared that defendant had previously committed other offenses of the present kind. We have examined the statements of defendant relied upon to raise a doubt of sanity, and find nothing therein which required the court to hold an inquiry into his mental condition.

Since no error has been shown, the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*