(No. 36128.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY MOTIS, Plaintiff in Error.

*Opinion filed January 23, 1962.*

HENRY MOTIS, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Upon arraignment in the circuit court of Lake County, the defendant, Henry Motis, waived the return of an indictment, waived his right to counsel, waived a trial by jury and, after being fully admonished by the court, entered a

plea of guilty to an information charging him with the crime of statutory rape, the victim being his 11-year-old step-daughter. After a hearing in aggravation and mitigation, defendant was sentenced to the penitentiary for a term of not less than 5 nor more than 10 years. He prosecutes this writ of error for review.

The People agree that the indeterminate sentence imposed upon defendant was improper, (See: Ill. Rev. Stat. 1959, chap. 38, par. 490,) and likewise concede that a subsequent effort of the trial court to impose a determinate sentence, after defendant had been removed to the penitentiary, was beyond the jurisdiction of the court. (See: *People* v. *Wakeland,* 15 Ill.2d 265, 269; *People* v. *Hamel,* 392 Ill. 415, 417.) Accordingly, the People have confessed error in such respects and, on the theory that there are no other errors requiring reversal, pray that the cause be remanded solely for the imposition of a proper sentence. (Cf. *People* v. *Kirilenko,* 1 Ill.2d 90, 98.) As we view the record, however, consideration must be given defendant's further contentions that the court's failure to hold a sanity hearing, and its failure to appoint counsel, served to deny him due process of law.

The trial, conviction, or sentencing of a person at a time when he is insane violates his constitutional right to due process, (*People* v. *Robinson,* 22 Ill.2d 163,) and to assure such right it has become the rule that an inquiry into the mental condition of an accused should be made when, before or during trial, the trial court, either from its own observation or upon suggestion of counsel, has facts brought to its attention which raise a *bona fide* doubt of the sanity of the accused. (*People* v. *Burson,* 11 Ill.2d 360.) No sanity hearing was requested here and neither is there any showing that defendant had ever been adjudged a mental incompetent. To create a doubt of sanity he relies, first, upon his own statements that he wanted and needed medical treatment; second, upon a comment by the court that de-

fendant "probably needed psychiatric help," made after evidence heard in aggravation and mitigation disclosed that defendant had committed two prior sex crimes against children. However, in *People* v. *Zerba,* 20 Ill.2d 269, we held that *bona fide* doubt of sanity was not raised by disclosures that the accused had committed prior sex crimes and that he had once been declared a criminal sexual psycopath. Again, in *People* v. *Cleggett,* 22 Ill.2d 471, such doubt was found not to exist merely because the accused requested psychiatric examination. It is our belief that the disclosure of the present defendant's past crimes, and the speculations as to his need for medical treatment, had no greater significance and cast no greater burden on the trial court in this case. This is particularly true since the entire record shows beyond shadow of doubt the defendant's ability to distinguish between right and wrong and to fully comprehend the charge against him. We conclude that no duty devolved upon the trial court to conduct a sanity hearing.

Nor do we find that the court erred in failing to appoint counsel for defendant. The constitutional right to be represented by counsel is a personal one which a defendant may claim or waive as he shall determine, provided the waiver represents a competent and intelligent act by one having full knowledge of his right to counsel. (*People* v. *Cox,* 12 Ill.2d 265; *People* v. *Burson,* 11 Ill.2d 360; *People* v. *Williams,* 399 Ill. 452.) The defendant here was 43 years old, had an eighth grade education and had been variously employed as a carpenter, a factory worker and a truck driver. More important, he was no stranger to criminal proceedings. The record shows that his right to counsel was fully explained to him, as was the option that the court would appoint counsel if defendant was financially unable to retain one of his own selection. Defendant did state to the court he desired counsel if it would mean that he would receive medical care, but then stated he did not want counsel after the court had explained that a lawyer could not

provide medical help or supervision. Considering the entire record, it is our opinion that the right to counsel was knowingly and intelligently waived.

Since we find no other error, the judgment of the circuit court of Lake County is reversed and the cause is remanded with directions to impose a proper sentence upon defendant as provided by law. *People* v. *Kirilenko*, 1 Ill.2d 90, 98.

*Reversed and remanded, with directions.*