(No. 35425.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD RICHESON, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JOHN P. EWART, of Mattoon, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and FRANK H. SCHNIEDERJON, State's Attorney, of Effingham, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Richard Richeson, entered a plea of guilty to burglary in the circuit court of Effingham County and after a hearing in aggravation and mitigation was sentenced to 12 to 40 years in the penitentiary.

On this writ of error he contends that the trial judge erred in failing to summon a jury on his own motion to determine defendant's sanity. On March 5, 1959, defendant, age 23, was charged by information with the crime of burglary. Counsel was appointed for him and he entered a plea of guilty. At the hearing in aggravation and mitigation, an FBI report and defendant's testimony disclosed that he was committed to the Illinois State Hospital in Jacksonville, Illinois, by the county court of Coles County on August 28, 1957, and that about a month later he walked away. He was never returned. A month after his escape

he was sentenced on a charge of issuing a false check in the same county from which he had been committed, and was sent to the penal farm rather than to a mental institution.

Where facts that give rise to a *bona fide* doubt as to a defendant's sanity are brought to the attention of the trial court before or during trial, either from observation of defendant or from suggestion by counsel, the court has the duty to impanel a jury to determine whether the accused is capable of understanding the nature of the charges against him and of co-operating with his counsel. (*People* v. *Robinson,* 22 Ill.2d 162; *People* v. *Burson,* 11 Ill.2d 360.) *Bona fide* doubt is not necessarily raised, however, by the mere revelation that an accused had been declared a psycopath some years prior, (*People* v. *Zerba,* 20 Ill.2d 269,) nor by knowledge that a defendant has been placed in a prison psychiatric ward. *Withers* v. *People,* 23 Ill.2d 131.

There was no request here by defendant or by his counsel for a sanity hearing. The only evidence concerning his sanity was that he had been committed to the Illinois State Hospital in Jacksonville where he spent a month. The test to be applied in determining a defendant's mental capacity to stand trial is whether he understands the nature and object of the charges against him and can, in co-operation with his counsel, conduct his defense in a rational and reasonable manner. (*Withers* v. *People,* 23 Ill.2d 131; *People* v. *Bender,* 20 Ill.2d 45; *People* v. *Burson,* 11 Ill.2d 360.) If defendant meets this test, he is mentally competent to stand trial although his mind may not be sound on other subjects. (*Withers* v. *People,* 23 Ill.2d 131; *People* v. *Burson,* 11 Ill.2d 360.) Although commitment to an institution may indicate that the individual needs some form of psychiatric treatment, it does not follow that he lacks the mental capacity to stand trial. Here, the trial judge was able to observe his conduct both before and during the hearing and questioned him at length concerning his background. His answers do not indicate a lack of capacity to understand the

nature and object of the charges against him or to co-operate with counsel to prepare a reasonable and rational defense. We are of the opinion that no constitutional right of defendant was violated when the court did not, on its own motion, convene a sanity hearing.

Defendant also contends that evidence of his commitment to the State reformatory was introduced at the hearing in violation of the Family Court Act, (Ill. Rev. Stat. 1959, chap. 23, par. 2001,) which provides, in part, that evidence given in any cause under the act shall not be lawful or proper evidence against such child in any court, except in subsequent cases under the same act. While defendant was at one time committed to the Illinois State Reformatory at Sheridan, it was not as a result of a proceding under the Family Court Act. There was therefore no violation of the statute.

Finally defendant urges that his sentence was excessive and harsh. Before entering sentence, the trial judge had the benefit of evidence both in aggravation and in mitigation. That evidence showed that defendant's prior criminal record covered some ten years, including a prior conviction of burglary. The imposition of sentence is in the discretion of the trial court within the minimum and maximum limits fixed by the legislature.

The judgment of the circuit court of Effingham County is affirmed.

*Judgment affirmed.*