(No. 39143.—

THE PEOPLE *ex rel.* ROBERT A. PEDERSEN, Appellant, *vs.*
BERT REDNOUR, Superintendent of the Illinois Security
Hospital, Appellee.

*Opinion filed March 24, 1966.*

J. EDWARD JONES, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal by Robert A. Pedersen (herein called relator,) from a judgment of the circuit court of Cook County dismissing his petition for a writ of *habeas corpus.*

In 1953 relator pleaded guilty to the crime of indecent liberties and was sentenced by the criminal court of Cook County to a term of five to fifteen years in the penitentiary. While serving his sentence in the Menard branch of the penitentiary, a petition was filed in the county court of Randolph County pursuant to statute alleging that relator was in need of mental treatment. (Ill. Rev. Stat. 1961, chap. 108, par. 112.) After a hearing on the petition, the county court of Randolph County ordered that relator, upon expiration of his sentence in the penitentiary, be committed to the Department of Mental Health for confinement in the Illinois Security Hospital at Menard, until recovered. Relator was committed to the security hospital pursuant to this order.

On October 5, 1964, relator filed a petition for writ of *habeas corpus* in the circuit court of Cook County contending that he had been illegally confined to the Security Hospital by the county court of Randolph County. On motion of respondent, Bert Rednour as Superintendent of the Illinois Security Hospital, the petition for writ of *habeas corpus* was dismissed on the ground that the circuit court of Cook County had no jurisdiction. Relator appeals from this order of dismissal directly to this court.

In our opinion relator's petition for a writ of *habeas corpus* was properly dismissed by the circuit court of Cook County. Section 2 of the act relating to *habeas corpus* provides in pertinent part that "application for the writ shall be made to the court or judge authorized to issue the same, * * * provided, that such application shall be made to the Supreme Court or to a court of competent jurisdiction *of the city or of the county in which the person in whose behalf the petition is made, is imprisoned or restrained, or to a court of competent jurisdiction of the city from which*

*said person was sentenced or committed or of the county from which said person was sentenced or committed."* (Emphasis added.) Ill. Rev. Stat. 1963, chap. 65, par. 2.

In this case relator was neither committed from, nor confined in, Cook County. Rather, he is confined in Randolph County pursuant to an order of the county court of Randolph County. Consequently, there is no statutory authority for filing a petition for writ of *habeas corpus* in the circuit court of Cook County.

The sole issue before this court on appeal is the propriety of the order of the circuit court of Cook County dismissing relator's petition for a writ of *habeas corpus*, and we do not therefore reach the substantive questions which relator has raised in his brief with regard to the proceedings in the county court of Randolph County.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*