(No. 42062.— )

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* Richard Richeson, Appellant, *vs.* SHERIFF OF COLES COUNTY, Appellee.

*Opinion filed November 26, 1969.*

RICHARD RICHESON, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and L. STANTON DOTSON, State's Attorney, of Charleston, (FRED G. LEACH, Assistant Attorney General, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Richard Richeson (relator) appeals from a judgment of the circuit court of Coles County dismissing his petition for a writ of *habeas corpus.*

In March, 1959, relator was convicted of burglary, and sentenced to 12 to 40 years in the penitentiary by the circuit court of Effingham County. That conviction was affirmed in *People* v. *Richeson,* 24 Ill.2d 182. Following relator's subsequent parole he was arrested on December 25, 1967, in Coles County and charged with the battery of his wife. On December 26 relator appeared in the circuit court of Coles County, and upon arraignment entered a plea of not guilty. The court ordered him released on his own recognizance, and he was immediately retaken into custody by the sheriff of Coles County and held until transferred to Shelby County authorities on December 28, and taken to Shelbyville, to answer to charges of deceptive practice. This charge was later dismissed and on January 19 a State parole agent returned relator to the Illinois State Penitentiary at Menard.

On December 29, 1967, a *habeas corpus* petition was filed in the circuit court of Coles County, which in substance challenged the authority of the Coles County sheriff to detain relator subsequent to his release on his own recognizance. This and a subsequently filed amended petition were dismissed on respondent's motions.

The facts presented at the hearings on the respondent's motion to dismiss are not controverted by the relator in his *pro se* brief. That motion was based upon two grounds. First, it is argued that there is no statutory basis for the writ to issue because the petition was filed in Coles County on December 29 when relator was not "imprisoned or restrained" within that county nor had petitioner been "sentenced or committed" from Coles County. (Ill. Rev. Stat. 1967, ch. 65, par. 2.) Secondly, respondent argues that his restraint over petitioner (in that period following his release

from the battery charge until he was surrendered to the Shelby County authorities) was lawful because it was pursuant to a Department of Public Safety "hold order".

We need reach neither the questions of the statutory or constitutional validity of the restraint pursuant to the "hold order", nor the arguments as to the validity of the original conviction in Effingham County, for we agree that the petition was properly dismissed on the first ground alleged in respondent's motion. Section 2 of the Act relating to *habeas corpus* provides in pertinent part that "Application for the writ shall be made to the court or judge authorized to issue same * * * provided, that such application shall be made to the Supreme Court or to a court of competent jurisdiction * * * of the county in which the person in whose behalf the petition is made, is imprisoned or restrained, or to a court of competent jurisdiction * * * of the county from which said person was sentenced or committed." (Ill. Rev. Stat. 1967, ch. 65, par. 2.) At the time the petition was filed, the petitioner was neither sentenced from, nor confined in, Coles County. Consequently, there existed no statutory authority for filing a *habeas corpus* petition in the circuit court of Coles County. *People ex rel. Pedersen* v. *Rednour*, 34 Ill.2d 227; see Ill. Rev. Stat. 1967, ch. 65, par. 21(2).

The judgment of the circuit court of Coles County is affirmed.

*Judgment affirmed.*