(No. 42639.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN FRANKLIN, Appellant.

*Opinion filed March 16, 1971.—Rehearing denied May 26, 1971.*

WARD, J., took no part.

JOEL A. HABER, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On January 16, 1964, defendant, John Franklin, 18, indicted for murder, appeared before Judge Harewood of the circuit court of Cook County. Due to the age of the defendant and the seriousness of the crime, the judge ordered that he be subjected to a Behavior Clinic examination by Dr. William Haines. A report was subsequently returned to the court stating that Franklin suffered from a "sociopathic personality disturbance", but that he could understand the nature of the charges pending against him and that he was able to co-operate with counsel in the preparation of his defense.

On April 9, 1964, defendant, represented by the public defender, went to trial before Judge Thomas Fitzgerald. Defense counsel stated to the court that he had consulted with his client on numerous occasions, and that it was the desire of the defendant to withdraw his previously entered plea of not guilty and to enter a plea of guilty to the murder charge. When asked by counsel, defendant stated that it was in fact his desire to plead guilty. Defendant was then admonished concerning the guilty plea and its possible consequences. The judge accepted the plea and, following a hearing in aggravation and mitigation, defendant was sentenced

to a term of not less than 20 nor more than 50 years in the penitentiary.

In August, 1968, Franklin filed a petition seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) and requesting appointment of counsel. Pursuant to motion of appointed counsel, the transcripts dealing with the court's referral of defendant to the Behavior Clinic and his plea of guilty were made available and petitioner was transported to Cook County jail to meet with counsel. Defendant, through appointed counsel, amended the petition and alleged (1) that the court violated due process in not attempting to go behind the behavior clinic report but simply read the report and ordered defendant to stand trial, and (2) that in light of the report and the confusion of defendant when he pleaded guilty, it was a constitutional violation not to order a hearing to determine competency. The State filed a motion to dismiss stating that the allegations were not sufficient to show any violation of a constitutional right. Considering the petition, the motion to dismiss and the transcript of the proceedings which resulted in the guilty plea, Judge Fitzgerald dismissed the petition.

Defendant contends that he was denied due process because both judges before whom he appeared failed to suspend the proceedings and order a competency hearing. He argues that, because he was ordered to a behavior clinic examination by Judge Harewood and because he was confused when appearing before Judge Fitzgerald, a competency hearing should have been ordered. A judge is not required to hold a competency hearing unless, before or during the trial, sufficient facts come to his attention to raise a *bona fide* doubt as to the competency of the defendant. (*People* v. *Burson*, 11 Ill.2d 360.) Judge Harewood, in ordering defendant to a behavior clinic examination clearly stated that he was doing so because of the age of the defendant and the seriousness of the charge. Further, we have

held that a referral to the Behavior Clinic does not of itself raise *bona fide* doubt as to the competency of the accused requiring a competency hearing (*People* v. *Korycki,* 45 Ill.2d 87; *People* v. *Bracy,* 38 Ill.2d 358), nor does the mere finding that the defendant has a "sociopathic personality disturbance" establish a *bona fide* doubt of competency. (See *People* v. *Olson,* 46 Ill.2d 167.) Absent some other strong indication of incompetency of defendant, we cannot find that the trial judges erred in not conducting an unrequested competency hearing or in not going behind the report.

After being informed of the desire of defendant to plead guilty to the murder charge, the judge admonished and questioned the accused at considerable length:

"THE COURT: Did you hear what your lawyer has told me, John?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand what he has told me?

THE DEFENDANT: Yes, sir.

THE COURT: Now, he tells me that you want to withdraw your plea of not guilty previously entered and enter a plea of guilty to indictment 64—24. Is that what you want to do?

THE DEFENDANT: Yes, your Honor.

THE COURT: Now, John, you are entitled to a trial by jury and you may have such a trial. If you plead guilty, you will not be tried by a jury, because by pleading guilty you waive your right to a jury trial. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Knowing that you will not be tried by by a jury, you nevertheless still wish to plead guilty? Do you wish to plead guilty knowing that you will not receive a jury trial?

THE DEFENDANT: No, your Honor.

17—48 2d

THE COURT: Sir?

THE DEFENDANT: No.

THE COURT: I don't understand you. You want to plead guilty, isn't that what you told me?

THE DEFENDANT: No, sir.

THE COURT: You do not wish to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: No, sir. In other words, you do not wish to plead guilty. You want to be tried.

THE DEFENDANT: No, sir. I want to plead not guilty.

THE COURT: You want to plead not guilty—

THE DEFENDANT: I mean guilty.

THE COURT: Guilty. Well now John, take your time. Are you confused?

THE DEFENDANT: Yes, sir.

Mr. McDONNELL: (Defense Counsel) : He is a little nervous, Judge.

THE COURT: You wish to plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want to do, John?

THE DEFENDANT: Yes, sir."

While it is true that there was some confusion during the plea, it is apparent from the record that it was momentary and that it was resolved. "It was within the discretion of the trial judge to decide whether the facts and circumstances raised a *bona fide* doubt of the defendant's sanity so as to require a hearing. [Citation.]" (*People* v. *Bortnyak,* 39 Ill.2d 545, 548.) After a review of the record we find that the trial judge was justified in finding that the momentary confusion did not raise a *bona fide* doubt as to defendant's competency.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.