THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAY LEE NEWBERN, Defendant-Appellant.

(No. 11935; )

Fourth District—April 10, 1974.

CRAVEN, J., dissenting.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

534

Robert Welch, State's Attorney, of Virginia (John A. Beyer, of Circuit Attorney Project, and Bruce Brown, Senior Law Student, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

After a bench trial, defendant was convicted of indecent liberties with a child (Ill. Rev. Stat. 1971, ch. 38, par. 11—4(3).) Sentence of 4 to 5 years was imposed.

Defendant urges that the trial court's failure to order psychiatric examinations as required by the Charities and Public Welfare Code (Ill. Rev. Stat. 1971, ch. 23, par. 2401-2402) was reversible error, that defendant was denied a fair trial by reason of a continuance of the trial for 8 days, that defendant was not proved guilty beyond a reasonable doubt, that the trial court improperly considered psychologists' reports at the probation hearing because defendant was not advised of his constitutional privilege against self-incrimination and because he had not waived his psychologist-patient privilege, and that probation was improperly denied and that the sentence was excessive.

The complaining witness, defendant's 10-year-old step-daughter testified that she and the defendant were alone in one room of their residence where she was hanging up a dress, when the defendant approached and "he started to rub my breast and he asked me if I liked it. I said, 'Yes'. Then he asked me again. I said 'Kind of'. Then he asked me once more. I said 'No.' Then he stopped rubbing." The incident lasted 10 to 15 minutes, during which defendant's step-daughter was fully clothed. She testified that she was 10 years old on the date of occurrence. Defendant was 45 years old. The witness' testimony showed some confusion as to the time that she told her mother and the sheriff of the incident, but she was certain the incident occurred on Monday when her mother was at "Tops".

The defendant testified and denied the occurrence, stating that his daughter had "told stories" before. After defendant's direct testimony, the People requested a continuance until the next day to produce rebuttal witnesses and to prepare for cross-examination. Over defendant's objection a continuance was granted for 8 days until February 22, 1972, the earliest date the court could set the case. When the case continued, the State did not cross-examine the defendant, and instead called defendant's wife, who testified that on one occasion prior to that testified to by defendant's step-daughter, she had seen the defendant rubbing the little girl's breast. The complaining witness was recalled and testified that defendant had rubbed her breast and asked whether she liked

it on many occasions. Three other rebuttal witnesses were called to testify that defendant's reputation for truth and veracity was bad.

The trial court did not order psychiatric examinations or reports as provided by "An Act to provide for trial in a circuit court and for a psychiatric examination of persons charged with sexual crimes against children" (Laws of Illinois, 1965, p. 3459). Such error was not raised by defendant at his trial nor briefed on his appeal. After it had been raised by this court at oral argument, supplemental briefs were filed. Accordingly, we must consider whether such error is a plain error affecting substantial rights within Supreme Court Rule 615(a). This Act is incorporated into the Charities and Public Welfare Code (Ill. Rev. Stat. 1969, ch. 23, pars. 2401-2402), and provides in relevant part:

> "2401. Sexual Crimes Against Children—Trial.) § 1. In all cases in which a person of the age of 17 years and upwards is charged with any violation of a statute or ordinance, the basis of the charge being a sexual crime against a child under the age of 13 years, the trial of such charge shall be in a circuit court.
>
> 2402. Psychiatric Examination.) § 2. The judge of the court in which an indictment or information under Section 1 of this Act is tried shall, before trial, require a psychiatric examination of the person charged. The examination shall be by two psychiatrists appointed by the court, who shall make a personal examination of the person charged and shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the person charged."

The failure to require such examinations and reports is conceded to be error. (*People v. Flowers,* 51 Ill.2d 25, 30, 281 N.E.2d 299.) The Act in question has had minimal examination by our courts, and the question of prejudice resulting from failure to observe the statutory mandate has never been discussed. *People v. McDonald,* 44 Ill.App.2d 348, 352, 194 N.E.2d 541, 542; *People v. Kolden,* 25 Ill.2d 327, 328, 185 N.E.2d 170; *People v. Allen,* 7 Ill.App.3d 249, 250, 287 N.E.2d 171, 172; *People v. Hedenberg,* 9 Ill.App.3d 597, 599, 291 N.E.2d 848, 849.

Defendant contends that the statute itself raises a presumption of a bona fide doubt as to his fitness to stand trial or be sentenced requiring reversal of his conviction, and alternatively, that the failure to order the required examination and reports interfered with defendant's right to have the trial court determine whether defendant should be treated as a sexually dangerous person (Ill. Rev. Stat. 1971, ch. 38, par. 105—1.01) to the extent that his conviction must be reversed.

We examine the contention that the provisions of the Act providing for a psychiatric examination created a bona fide doubt of fitness to

stand trial or be sentenced. In the aspect of fitness and competence to stand trial, it has never been asserted that the defendant was incompetent or unable to understand the nature or purpose of the proceedings, or unable to assist in his defense. It is not asserted that there was unusual conduct of defendant during the proceedings which would raise a bona fide doubt of his competence for trial, nor is it contended that there are facts, which if known to the court, would have raised such doubt. It is not contended that there was a prior history of commitment for mental illness. Ill. Rev. Stat. 1969, ch. 38, par. 104—2 now provides for examination by qualified experts to determine competency before trial, during trial and after a finding of guilt but before sentence is imposed. Such provisions are retained in elaborated form in the Unified Code of Corrections. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—2—1.) There is no assertion of incompetence of counsel in failing to rely upon the statutory provision to determine incompetence for trial. Rather, defendant chose to deny the charge and contest the sufficiency of the evidence. *People v. Hedenberg,* 9 Ill.App.3d 597, 291 N.E.2d 848.

We examine the contention that the charge of a sex crime against a child and the statutory provision for psychiatric examination, without other circumstances indicating defendant's competence for trial, raises a bona fide doubt of such competence sufficient to require a sua sponte order for a hearing upon competence as distinguished from a general psychiatric examination.

In *People v. Russo,* 52 Ill.2d 425, 288 N.E.2d 412, *cert. denied,* 410 U.S. 940, the supreme court considered an analogous problem. There, defendant argued that his plea of guilty to voluntary manslaughter should not have been accepted without a prior competency hearing because the trial court had ordered psychiatric examination of the defendant. The results of such examination were not introduced into the record, and defendant argued that the court, by approving the examinations, itself impliedly indicated that it had reason to believe the defendant was incompetent. The supreme court held that as defendant had no prior history of mental illness, at no time suggested his incompetence, and was represented by competent counsel, the fact that the trial court authorized psychiatric examinations did not establish a bona fide doubt as to defendant's competence to stand trial. Had the trial court here, in fact, ordered a psychiatric examination, but had not placed the results in the record, defendant would be in exactly the same situation as *Russo* except that the moving factor in the examination here would have been the legislative mandate of chapter 23, paragraph 2402, rather than the trial judge's evaluation of the circumstances. If a trial judge's authorization of a psychiatric examination upon actual observation of the defen-

dant's conduct and knowledge of the crime charged does not establish bona fide doubt as to defendant's competency, it follows that the legislature's order for such examination without any personal observation of defendant creates no more bona fide a doubt as to the defendant's fitness.

Likewise, the nature of the crime charged does not raise a bona fide doubt as to defendant's fitness to stand trial or be sentenced, which would, under either Ill. Rev. Stat. 1969, ch. 38, par. 104—2, or Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—2—1, require the trial court to order a competency hearing. In *People v. Motis*, 23 Ill.2d 556, 179 N.E.2d 637, defendant pleaded guilty to statutory rape of his 11-year-old step-daughter. At his hearing in aggravation and mitigation, it was disclosed that defendant had actually been convicted of two prior sex crimes against children, and defendant himself stated that he wanted and needed medical treatment. The supreme court noted that no competency hearing had been requested and there was no showing that defendant had ever been adjudged a mental incompetent, and held that under such circumstances, the existence had not been established of a bona fide doubt requiring a competency hearing. In *Motis*, it was said that:

> "[I]n *People v. Zerba*, 20 Ill.2d 269, we held that *bona fide* doubt of sanity was not raised by disclosures that the accused had committed prior sex crimes and that he had once been declared a criminal sexual psychopath." (23 Ill.2d at 559.)

The mere fact, however, that one is both the victim of and unable to control such impulses does not engender the inference that he is unable to comprehend and assist in the defense of criminal prosecution based upon such conduct. There is no prerequisite to criminal prosecution that defendant be free from mental or emotional disturbances. In *Withers v. People*, 23 Ill.2d 131, 135, 177 N.E.2d 203, holding that mere prior confinement in the psychiatric division of the penitentiary does not establish the existence of a bona fide doubt as to defendant's competence, the supreme court made the following distinction:

> "The test to be applied in determining whether a defendant has the mental capacity to stand trial is whether he understands the nature and object of the charges against him and can, in co-operation with his counsel, conduct his defense in a rational and reasonable manner. [Citations.] If the defendant does understand the nature and object of the charges against him and can, in cooperation with his counsel, conduct his defense in a rational and reasonable manner, then he is mentally competent to stand trial although upon other subjects his mind may be unsound."

In *People v. Hammond*, 45 Ill.2d 269, 277, 259 N.E.2d 44, 47, it was said that:

> "While a defendant may possess a sociopathic personality and suffer from psychiatric and social disturbances, these circumstances, without more, are not sufficient to raise a *bona fide* doubt as to his competency."

The mere fact that defendant has been found to have a sociopathic personality disturbance is insufficient to establish a bona fide doubt of his competency. (*People v. Franklin,* 48 Ill.2d 254, 257, 269 N.E.2d 479.) For the foregoing reasons, we hold that the mere fact the adult defendant was charged with a sexual crime against a child, which charge requires a pretrial psychiatric examination of the defendant, does not by itself establish a bona fide doubt as to defendant's fitness to stand trial or be sentenced. The failure to provide such examinations and reports thus does not necessarily result in the trial of a defendant whose fitness to be tried is questionable.

Defendant asserts in the alternative that the failure to provide psychiatric examinations and reports interfered with his right to have the trial court determine whether he should be treated as a sexually dangerous person (Ill. Rev. Stat. 1969, ch. 38, par. 105—1.01), to the extent that his conviction must be reversed.

The statutory purpose and judicial use of chapter 23, paragraphs 2401 and 2402, are, at best, ill defined. Originally adopted in 1957, the provisions were editorially placed with "An Act in relation to sexually dangerous persons * * *" (Ill. Rev. Stat. 1957, ch. 38, par. 820.01), and numbered in series as paragraphs 825f and 825g. Upon adoption of the Act of Criminal Procedure of 1963, such provisions were transferred from the Criminal Code and were given the present designation. The Comment of the Drafting Committee of the Act includes:

> "The committee likewise considered the act of 1957 (L. 1957, p. 2568, Sexual Crimes Against Children, ch. 23, §§ 2401-2404) providing for psychiatric examination of persons over seventeen years of age charged with sexual offenses against children under thirteen. While some question has been raised as to the constitutionality of the procedure prescribed it had not been passed upon by the Supreme Court. No other case had been found in which the act had been construed by the Illinois reviewing courts. In view of the fact that the act was adopted so recently by the General Assembly, and the dearth of information as to its utility and application in practice, the committee decided not to tinker with it. However, since it provides for a special proceeding ancillary to offenses against children, the committee concluded that it should not be incorporated into the Code of Criminal Procedure."

So far as the statute discloses, the psychiatric examination has no

statutory focus, and there is no direction as to what is to be done with reports filed with the court and delivered to the person charged. There is no provision or direction for entering any order upon the report, or for any further proceeding related to such examination. In contrast, a petition filed which alleges facts contending to show that the person named is sexually dangerous, there is a direction that the appointed psychiatrists make an examination to determine whether the defendant is sexually dangerous. (Ill. Rev. Stat. 1969, ch. 38, par. 105—4.). Such petition by the State's Attorney presumably would allege facts tending to show the "criminal propensities to the commission of sexual offenses" and the "demonstrated propensities to sexual assault or acts of sexual molestation of children" as provided in the definition of a sexually dangerous person. Ill. Rev. Stat. 1969, ch. 38, par. 105—1.

■■ The Sexually Dangerous Persons Act itself belies the contention that defendant has any assertable right to have a determination made of his status as a sexually dangerous person. Defendant misconstrues the function of the court in Sexually Dangerous Persons proceedings. No "right" to have the trial court make such a determination arises until after a petition has been filed by the State's Attorney or Attorney General. No such petition was filed in this case, thus defendant had no "right" which might have been abridged.

■■ While we conclude that the proceeding under the Sexually Dangerous Persons Act is a matter of the prosecution's direction rather than a "right" of the person charged, there is, in fact, a correlative provision by which the defendant may present the issue of whether he should be tried and punished for the offenses charged. Ill. Rev. Stat. 1969, ch. 38, par. 6—2(a), provides:

> "A person is not criminally responsible for conduct if at the time of such conduct, as the result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."[1]

The Committee Comments (S.H.A. (1972), ch. 38, par. 6—2, p. 328), points out the change from the former requirement which was in effect at the time of the adoption of sections 2401 and 2402, i.e., that one might be convicted unless there was a total incapacity to know what conduct was wrongful, or total incapacity to control behavior.

---

[1] The Unified Code of Corrections now defines insanity in comparable language. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—1—11.) "Insanity" means the lack of a substantial capacity either to appreciate the criminality of one's conduct or to conform one's conduct to the requirements of the law as a result of mental disorder or mental defect.

As noted, this record shows no claim was raised by defendant either as to the competency to stand trial or responsibility for the offense charged. Once there is some evidence which raises a doubt as to defendant's sanity at the time of the alleged offense, the prosecution must prove his responsibility beyond a reasonable doubt. (*People v. Hawkins,* 53 Ill.2d 181, 290 N.E.2d 231; *People v. Smothers,* 55 Ill.2d 172, 302 N.E.2d 326.) In this light the record does not suggest that defendant was so prejudiced as to a substantial right that we must find plain error.

■■ We find no abuse of discretion in the granting of a continuance to the prosecution in this bench trial. The case had been taken from the jury calendar upon defendant's motion. At the time of the continuance, a jury trial was to commence before the judge within 20 minutes. Defendant's counsel was unavailable for several days and the trial court had scheduled jury trials. The trial was resumed at the earliest time that the court and counsel could be available. The granting of a continuance had been upon the particular facts of each case and will not be disturbed unless there is a clear abuse of discretion. *People v. Clark,* 9 Ill.2d 46, 137 N.E.2d 54.

■■ Defendant contends that the testimony of the complaining witness was not clear and convincing, citing *People v. Kolden,* 25 Ill.2d 237, 185 N.E.2d 170. While the young girl had some difficulty with the passage of several weeks and fixing the date of her complaint, the trial court expressed the view that her testimony concerning the events at issue was clear and convincing. The issue of credibility is for the trier of fact and the reviewing court will not substitute its judgment for that of the trial judge. *People v. Novotny,* 41 Ill.2d 401, 244 N.E.2d 182.

■■ It is asserted that this court must reverse because the date was not proven beyond a reasonable doubt. This case differs from *People v. Rivas,* 5 Ill.2d 556, 126 N.E.2d 638, which is cited by defendant. In that case there was a trial upon one of three separate charges. When the trial court ordered that certain evidence be suppressed, the State was permitted to introduce the testimony of two offenses not then being tried which occurred on a different date. The conviction was reversed for a variance between the indictment and the proof, which not only misled defendant in preparing his defense, but would subject him to double jeopardy at the subsequent trial of the offenses pending. This record shows it to be clear that defendant suffered no confusion in preparing his defense and the entire record may be reviewed to support any claim of double jeopardy. (*People v. Jankowski,* 391 Ill. 298, 63 N.E.2d 362.) In this case the precise time is not an essential element of the offense, and the statute of limitations is not an issue. *People v. Angelica,* 358 Ill. 621, 193 N.E. 606.

██ Defendant contends that it was improper for the trial court to consider certain psychologists' reports at the hearing on probation for the reason that defendant was not advised of his constitutional privilege against self-incrimination, and that he had not waived the psychologist-patient privilege. Such reports of examination were made pursuant to the specific request by defendant in a companion case, and it appears that the sentencing in each case had been delayed by reason of the fact that defendant requested the information to be available at the hearing on probation. In both this case and the companion case, the report includes defendant's signed release of reports to the probation department. There was, in fact, no objection to the report when introduced at defendant's request and it appears that any asserted error is properly deemed waived.

██ Finally, defendant contends that the trial court abused its discretion by denying probation and imposing an excessive sentence. The crime for which defendant was convicted carries a 4-year minimum sentence (Ill. Rev. Stat. 1971, ch. 38, par. 11—4(c)), and under the Unified Code of Corrections, indecent liberties with a child is a Class 1 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 11—4(c)) which continues to carry a 4-year minimum term, (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(2).) The matter of sentencing lies within the sound discretion of the trial court (*People v. Burbank*, 53 Ill.2d 261, 275), and will not be altered by a reviewing court unless it is apparent that the court has abused its discretion. Likewise, the granting or denial of probation is a matter lying within the sound discretion of the trial court, and review is limited to the extent of ascertaining whether the trial court did, in fact, exercise discretion or whether it acted in an arbitrary manner. *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 555, 301 N.E.2d 300.

The judgment is affirmed.

Affirmed.

SMITH, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

I am unable to agree with the majority opinion insofar as it holds that the statutorily required psychiatric examination is not necessary. The observations contained in my dissenting opinion in *People v. Mahoney* (Ill. App. 4th Dist., No. 11881), 18 Ill.App.3d 518, —— N.E.2d ——, are applicable here.