THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* WILLIAM MITCHELL, Petitioner-Appellant.

(No. 58950; )

First District (4th Division)—April 10, 1974.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Sharon Hope Grossman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

On January 3, 1968, William Mitchell, petitioner in the instant appeal, was found guilty of the offense of aggravated kidnapping following a bench trial before the Honorable Jacques Heilingoetter in the Circuit Court of Cook County. At this time petitioner pleaded guilty to two charges of indecent liberties and a charge of bail jumping. He was sentenced to serve concurrent sentences of from 15 to 30 years for aggravated kidnapping, 10 to 20 years for the first indecent liberties charge and 5 to 10 years for the second, and not less than 1 year nor more than 5 years for bail jumping.

On August 5, 1969, the petitioner filed a *pro se* petition for post-conviction relief. (Ill. Rev. Stat. 1969, par. 122 *et seq.*) At a hearing held on September 28, 1970, this petition was dismissed on motion of the State. This order was reversed by the Illinois Supreme Court, which remanded the cause for a new hearing so that an amended petition could be filed after a free transcript of the pre-trial sanity hearing and the trial itself had been provided. Counsel was appointed to assist petitioner and a "supplementary petition" was filed on January 29, 1973. This petition was dismissed on the State's motion without an evidentiary hearing.

Petitioner appeals this order of dismissal, claiming that the trial judge had committed error when he directed that petitioner be found competent to stand trial despite the fact that the testimony in his regard had raised several questions which should have properly been submitted to the jury.

In a post-conviction proceeding the petitioner has the burden of proof to show that there has been a substantial deprivation of his constitutional rights. (*People v. Watson,* 50 Ill. 2d 234, 236, 278 N.E. 2d 79; *People v. Smith,* 45 Ill. 2d 399, 404, 259 N.E. 2d 247.) Further, an evidentiary hearing is not necessary where "the Circuit Court, upon a motion to dismiss a post-conviction petition, may render its decision on the basis of what is contained in the pleading to which the motion is directed, considered with the transcript of trial or other proceedings." (*People v. Morris,* 43 Ill. 2d 124, 128, 251 N.E. 2d 202.) The question before this court is, therefore, whether the petition and transcript of the hearing were sufficient to allow the court below to determine that petitioner had been competent to stand trial without holding an evidentiary hearing to determine this.

In the course of petitioner's trial, a jury was impaneled and a hearing into petitioner's competency to stand trial was held. The State called only one witness to testify, Dr. William H. Haines, the director of the Behavior Clinic of the Circuit Court of Cook County. He had conducted

two examinations of petitioner, one 14 months before the trial and one 6 months before the trial. Based on these examinations and his observation of petitioner, Dr. Haines stated that in his opinion William Mitchell was able to cooperate with his counsel and understood the nature of the charges against him. On cross-examination, Dr. Haines stated the petitioner used alcohol and that there was a "possibility" that petitioner had neurotic tendencies and an unstable personality. Dr. Haines was further aware that petitioner had been admitted to Elgin State Hospital in 1949 and had been discharged from the Army for a "character disturbance." The Army medical report found petitioner was "not motivated for treatment." The date of this discharge was October 26, 1944. The defense presented no witnesses and the trial judge directed that the jury find defendant competent to stand trial.

■■ In order to be considered competent to stand trial, a defendant must be able to understand the nature of the proceedings, the nature of the charge, and be able to cooperate with his counsel. (*People v. Brown*, 31 Ill. 2d 415, 421, 201 N.E. 2d 409.) The testimony presented at the hearing shows that by this test, petitioner was competent to stand trial. To meet his burden, as noted above, petitioner would have to show that some bona fide doubt as to his competence existed in the record before the court. In his brief, petitioner concedes that "no particular fact in petitioner's psychiatric history by itself would raise a bona fide doubt about his competency, [n]either is there any one fact which alone would preclude the trial judge from directing a verdict of competency." He urges, however, that the prior hospitalization at Elgin State, the nature of his discharge from the military, and the other factors taken as a whole raised sufficient questions to require that the issue of competency be submitted to the jury.

■■ We disagree. The record of the proceedings at trial and the competency hearing and the petition itself disclosed nothing which would have raised a bona fide doubt as to petitioner's competency to stand trial. In a proper case, where a defendant understands the nature of the charges and proceedings against him and where he is able to cooperate with his counsel, a verdict of competency may be directed. (*People v. Reeves*, 412 Ill. 555, 107 N.E. 2d 861.) The fact that petitioner had, some time previous to this trial, spent time in Elgin State Hospital or that he had been discharged from the military for "character trait disturbances" or the possibility of "neurotic tendencies" is not relevant to the question at issue—petitioner's competency to stand trial at the time of trial. Prior mental problems or even prior commitment to a mental hospital do not raise a bona fide doubt as to a defendant's competency. (*People v. Zerba*, 20 Ill. 2d 269, 170 N.E. 2d 97; *People v.*

*Richeson,* 24 Ill. 2d 182, 181 N.E. 2d 170). In a case somewhat similar to the instant case (*People v. Woods,* 26 Ill. 2d 557, 188 N.E. 2d 1), Dr. Haines testified as the only witness regarding defendant's competency to stand trial. Notwithstanding the fact that the defendant had been confined to a mental institution 8 years prior to the trial, the direction of a verdict of competency was sustained. The court held that where Dr. Haines had testified that defendant understood the nature of the charges against him and was able to cooperate with his counsel, he was competent to stand trial and the fact of prior confinement for mental problems did not raise a bona fide doubt as to his competency.

■■ We are of the opinion that the direction of the verdict of competency was correct. We have read the entire record presented to us for review and find that it was not error for the trial court to dismiss the petition without an evidentiary hearing. "The only relevant factors in determining whether a defendant is competent to be placed on trial are that he understand the nature of the charges against him and that he be able to co-operate with counsel." (*People v. Brown, supra,* at 421.) Dr. Haines' testimony, on the record as presented, would then settle the inquiry into these factors and shows that petitioner was competent to stand trial.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment Affirmed.

BURMAN and DIERINGER, JJ., concur.