THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LUTHER VOIGHT, Defendant-Appellant.

Third District    No. 78-305

Opinion filed June 13, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, Phyllis J. Perko, and Martin P. Moltz, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant Luther Voight, following a bench trial in the circuit court of Will County, was found guilty of the offense of indecent liberties with a child and was sentenced to a term of imprisonment of not less than four nor more than eight years in the penitentiary.

The defendant appeals from his conviction and raises but a single issue, to wit, whether he was proven guilty of indecent liberties with a child beyond reasonable doubt.

While this court prefers when possible to avoid setting forth a recitation of sordid and unsavory testimony, because such testimony is determinative of the issue raised in this appeal, it is necessary to set forth the same in detail.

Testimony established that the defendant on the evening of December 26, 1977, was 54 years old and was at the home of the parents of Terry Parkhurst, a female child age 10, who became the complaining witness during the trial of the defendant.

After the trial court had found Terry Parkhurst to be a competent witness she testified that sometime after 9 p.m. on December 26, 1977, she retired to her upstairs bedroom. Shortly thereafter a man she identified as the defendant awakened her by rubbing her in the area of the vagina. During the three to five minutes that this activity was taking place the defendant with his finger penetrated her vagina and also made a lewd remark as to his desires. Terry also testified that the defendant was a friend of her parents.

A stipulation was entered into which revealed that an ultraviolet light test performed on the defendant's hand for the detection of body fluids proved to be negative.

It was further stipulated that if Sally Dillon, a criminalist with the Bureau of Identification, were called to testify, she would testify that the ultraviolet light test is generally performed on clothing for the possible detection of body fluids. She would further testify that it is possible if body fluids are present for those fluids to appear fluorescent under ultraviolet light. She would testify that although she had never personally used this test for detection of body fluids on skin, it would be her opinion that such detection would be possible; however, the test would not be conclusive as to the presence or absence of body fluids.

After the State rested the defendant took the stand in his own defense. He testified that he was a friend of the Parkhursts and had resided at their home since the day before Christmas. That on the night in question he had played some cards, watched T.V. and then went to his bedroom which was in the upstairs portion of the house. He further testified that later in the evening of the night in question he was awakened by the father of the complainant and ordered to leave the residence, which he did. Shortly after leaving the house he was arrested and taken to the police station where a blue or black light was run across all areas of his hands. The defendant concluded his direct testimony by specifically denying that he had ever gone into the bedroom of Terry Parkhurst on the evening of December 26, 1977; that he had at any time placed his hands on her while she slept or done the other acts of which complainant testified.

On cross-examination the defendant admitted that prior to going to bed he had gone to the bathroom and washed his hands. He again denied the accusations against him.

Another stipulation was entered into that if Dr. Tomasik were called to testify, he would testify as to a medical report filed by him and which pertained to an examination of Terry Parkhurst at the emergency room at the St. Joseph Hospital at 11:05 p.m. on December 26, 1977. That this testimony would be that the examination showed no evidence of injury from head to toe including genitalia. That Terry Parkhurst appeared composed but slightly frightened. That his impresssion is that there was a physical assault; however, there was no evidence of rape.

■■ In considering the defendant's contention that he was not proven guilty of indecent liberties with a child beyond reasonable doubt we are cognizant of the rule of law that where the conviction depends upon the testimony of the complaining witness there must be substantial corroboration of such testimony or the testimony must otherwise be clear and convincing. *People v. Kolden* (1962), 25 Ill. 2d 327, 185 N.E.2d 170.

We have previously alluded to the testimony of the complainant that after the defendant had inserted his finger in her vagina he made what we

characterized as a lewd statement. The complainant's testimony was that the defendant told her "I can't get there. This feels so good. I want to kiss it and suck it a little." We set forth this testimony of the complainant for in view of the fact that a 10-year-old child would so testify is in our opinion strong and convincing testimony. It would be a most unusual 10-year-old child who could manufacture such statements which so strongly indicate lust and carnal desire.

It is well settled that the issue of credibility in a prosecution for indecent liberties with a minor is for the trier of fact. (*People v. Newbern* (1974), 18 Ill. App. 3d 532, 310 N.E.2d 42.) The record discloses that the complaining witness was unable to recall what position she was in at the time of the occurrence or how the defendant was able to get into her clothing; she was wearing a blue body suit with a zipper and snaps as well as underwear. The testimony of a complaining witness in an indecent liberties prosecution need not be crystal clear and perfect as far as memory is concerned in order for the testimony to be clear and convincing. That a 10-year-old complaining witness in an indecent liberties prosecution had memory difficulties and had difficulty fixing the date of her complaint did not prevent her testimony from being clear and convincing in *People v. Newbern*. In the *Newbern* case the reviewing court reiterated the long-accepted rule of law that the issue of credibility is for the trier of fact and the reviewing court will not substitute its judgment for that of the trial judge. (18 Ill. App. 3d 532, 540, 310 N.E.2d 42, 48. See also *People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.) In this regard we find the trial judge's remark made immediately prior to denying the defendant's motion for a new trial to be of significance. The trial judge stated as follows:

"The Court: Well, my view of the matter is that I realize, of course, that the charge of indecent liberties is easy to make and difficult to disprove.

Not that it's a requirement of anybody to disprove any charge, but it's the type of a charge which the law causes judges and triers of fact to be very careful about.

And when this little girl testified, I paid very close attention to her testimony and her demeanor and I was impressed by the candid, forthright testimony of the girl.

I was impressed by her excellent memory, which she demonstrated in connection with her previous history; where she went to school, who her teachers were, where she lived in the past.

And at the conclusion of the trial, keeping in mind that this is a serious type of charge that can easily be made, I was still satisfied by the evidence, and demeanor and testimony of the little girl, and

that she was telling the truth and therefore, I found the defendant guilty.

I think that the evidence is sufficient under the law to prove the charge beyond a reasonable doubt. And therefore, the motion for new trial is denied."

The defendant in support of his contention calls to this court's attention that he successfully passed the ultraviolet test. In regard to this test it should be noted that it was stipulated that such a test was not conclusive and that the defendant admitted that he had washed his hands prior to the time the test was administered.

The defendant also stresses the medical finding that an examination of the complainant did not detect any trauma or injury. The significance of the failure to find any trauma or injury is of dubious value, since the People charged the defendant with only a lewd fondling and not a physical injury or trauma.

The stipulation as to the testimony of the doctor who examined the complainant is conflicting in that it would be to the effect that at the time of the examination, the subject was both composed yet frightened and it was the doctor's impression that a physical assault had occurred. The medical testimony and its credibility and probative value was within the province of the trier of fact to consider along with all other evidence. There is nothing in the record to indicate that the trial court did otherwise, and having determined that all the evidence taken as a whole supports a finding of guilty, the judgment of this court will not be superimposed upon the trial court.

For the reasons set forth the judgment of conviction of the defendant by the circuit court of Will County is affirmed

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.