THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT L. BOYD, Defendant-Appellant.

Second District   No. 79-857

Opinion filed August 20, 1980.

Robert E. Canfield, of Canfield Law Offices, of Rockford, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, Robert L. Boyd, was charged by information with two counts of the offense of indecent liberties with a child. The misconduct charged in count I is an act of lewd fondling or touching (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(3)) and that charged in count II is an act of deviate sexual conduct (Ill. Rev. Stat. 1977, ch. 38, par.

11—4(a)(2)). After a jury trial, he was found guilty as charged on both counts; the court entered judgments of conviction and sentenced the defendant to a term of four years' imprisonment on each count, the sentences to be served concurrently. The defendant appeals.

H. T., the victim and complainant in this cause, was 10 years old at the time of the incident in question. She testified that the defendant was living at the T___ house, located in Rockford, with her mother, E. T., and the three T___ children. On the evening of May 2, 1979, the defendant picked her and her two brothers up from the baby-sitter's house and took them home. As she and her brothers were upstairs getting ready for bed, the defendant called her downstairs into the kitchen, where he proceeded to pull up her dress and started feeling her. H. T. began to cry, and the defendant then took his other hand and pulled down her pants and started to lick her genitalia with his tongue. After the incident the child went back upstairs.

R. T., the 12-year-old brother of the complaining witness, testified that the defendant picked the children up from the baby-sitter's on the evening in question. As the children were preparing to go to bed, the defendant called his sister downstairs. He heard the two of them talking and then heard his sister crying. After coming part of the way downstairs, he observed his sister with her dress pulled up and her pajama pants pulled down. R. T. further testified that he saw the defendant licking H. T. between her legs. The defendant noticed R. T. and told him to go back upstairs. R. T. responded that he was not going anywhere without his sister; H. T. then came over to R. T. and the two children went upstairs.

Rodney Rupp, a detective with the Winnebago County sheriff's police, testified that he called the defendant and asked him to come to his office in the Public Safety Building in Rockford. When the defendant arrived at the office on the afternoon of May 10, 1979, the first thing the detective did was to advise the defendant of his *Miranda* rights. Rupp asked the defendant if he understood his constitutional rights; the defendant advised the detective that he understood them, read and signed the waiver of rights form and acknowledged that he would talk to Rupp. Detective Rupp further testified that during their ensuing conversation the defendant acknowledged to him, apparently in response to questioning regarding the incident involving H. T., that he may have done it but that he had been drinking.

Nicholas Reiland, an employee of the State crime laboratory in Rockford, testified that he spoke with the defendant on May 10, 1979. He stated that he informed the defendant of his constitutional rights and the defendant responded that he understood them. Reiland then testified that

he had a conversation with the defendant concerning an allegation that he had placed his mouth on the vagina of H. T. and that the defendant remarked that he could have done so but that he was drinking at the time and could not really remember.

The defendant testified that he had been engaged to marry H. T.'s mother and that the marriage was to have taken place on May 3, 1979, the day after the incident in question. He stated that he picked the children up from the baby-sitter's during the evening of May 2, 1979, and took them home. After arriving there, the defendant, the victim and her brother, R. T., were in the kitchen where the defendant, apparently in response to an incident in which H. T. was involved at school, asked the child how she would like to have her clothes pulled off. The defendant then testified that he pulled her pants down but did not otherwise touch the child.

The defendant also testified that he had a conversation with the complaining witness' mother, E. T., in the kitchen of her home on the morning after the alleged incident involving the young girl. He stated that the conversation centered around the defendant's failure to arrive on time for their marriage on May 3, 1979; that during this conversation the child's mother stabbed him in the side and arm and that he was hospitalized for two days. After several objections to the admission of this testimony were interposed by the State's Attorney on the ground that the testimony was not relevant to the matter presently before the court, the State requested that it be stricken from the record; the trial court granted the motion and struck the testimony.

On appeal, the defendant first asserts that count II of the information charging the offense of indecent liberties with a child, based on an act of deviate sexual conduct (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(2)), is void for failure to cite the correct statutory provision alleged to have been violated as required by section 111—3(a)(2) of the Criminal Code of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(2)) and consequently his conviction on this count should be reversed.

The defendant asserts, correctly so, that count II of the information cited section 11—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 11—2), the section defining deviate sexual conduct, as the statutory paragraph violated, rather than section 11—4 (Ill. Rev. Stat. 1977, ch. 38, par. 11—4), the statutory provision stating and defining the offense of indecent liberties with a child. This is the only insufficiency which the defendant points out in the charging instrument, and an examination of the information indicates that this is the only defect contained therein.

■■ It is well established that reference in a charging instrument to an

incorrect chapter or section of a statute, or both, is regarded as a formal rather than substantive defect (*People v. Oswald* (1979), 69 Ill. App. 3d 524, 527; *People v. Dismore* (1975), 33 Ill. App. 3d 495, 498; *People v. Parr* (1970), 130 Ill. App. 2d 212, 219-20; *People v. Gilmore* (1968), 101 Ill. App. 2d 447, 454), and a formal defect, such as an incorrect citation of the criminal statute violated, does not require or warrant reversal of a conviction unless the defendant was prejudiced by the miscitation (*People v. Oswald* (1979), 69 Ill. App. 3d 524, 527; *People v. Gray* (1978), 61 Ill. App. 3d 243, 246; *People v. Dismore* (1975), 33 Ill. App. 3d 495, 498).

■■ In the present case, the miswriting of the correct statutory provision was a formal rather than a substantive defect, whether labelled as a typographical error or a clerical oversight. (*People v. Gilmore* (1968), 101 Ill. App. 2d 447, 454.) Furthermore, the defendant has not demonstrated any prejudice resulting from the isolated defect in the information. The language in the information sets forth the crime charged with sufficient specificity to apprise the defendant of the offense with which he was charged so that he could plead adjudication of this charge as a bar to future prosecution for the same conduct. (*People v. Stamm* (1979), 68 Ill. App. 3d 177, 180; *People v. Oswald* (1979), 69 Ill. App. 3d 524, 527; *People v. Griffin* (1974), 21 Ill. App. 3d 261, 263.) Although the defendant was not perfectly charged in count II with the offense of indecent liberties with a child based on an act of deviate sexual conduct, he was properly charged. Since the defect here was not of a substantive nature, it did not invalidate the indictment and does not justify or require reversal of the defendant's conviction on count II of the information.

■■ The defendant next contends that he was not proved guilty beyond a reasonable doubt of the offense of indecent liberties with a child. It is well settled in this State that where, as here, a conviction of the offense of taking indecent liberties with a child depends on the testimony of the complaining witness, and the defendant denies the charge, there must be substantial corroboration of her testimony, or the testimony must be otherwise clear and convincing. (*People v. Morgan* (1977), 69 Ill. 2d 200, 206; *People v. Kolden* (1962), 25 Ill. 2d 327, 329; *People v. Gasner* (1979), 79 Ill. App. 3d 964, 973; *People v. Voight* (1979), 72 Ill. App. 3d 472, 474; *People v. Higgins* (1979), 71 Ill. App. 3d 683, 686.) But the testimony of a complaining witness in an indecent liberties case need not be crystal clear and perfect as far as memory is concerned in order for her testimony to be clear and convincing. (*People v. Voight* (1979), 72 Ill. App. 3d 472, 475; see *People v. Newbern* (1974), 18 Ill. App. 3d 532, 540.) Similarly, it is the rule that the issue of a witness' credibility in a prosecution for indecent liberties with a child is to be determined by the trier of fact (*People v.*

*Voight* (1979), 72 Ill. App. 3d 472, 475; *People v. Newbern* (1974), 18 Ill. App. 3d 532, 540), and a court of review will disturb the jury's finding in such a case only when the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt (*People v. Marchese* (1975), 32 Ill. App. 3d 872, 877; see *People v. Gasner* (1979), 79 Ill. App. 3d 964, 973).

In light of the evidence in this case, any contention that the jury did not convict the defendant by proof beyond a reasonable doubt of the offense in question is without merit. The complaining witness' rendition of what occurred on the night in question was very straightforward, clear and convincing. The defendant's contention that the child's testimony was not clear and convincing due to a few lapses in memory is unfounded. (*People v. Voight* (1979), 72 Ill. App. 3d 472, 475.) Furthermore, the victim's testimony was corroborated by that of her brother. We conclude that the State adduced ample evidence at trial to establish beyond a reasonable doubt all the essential elements of the offense with which the defendant was charged.

■ The defendant also contends here, without specific citation to the record, that the State's Attorney asked the complaining witness leading questions and that consequently this testimony was improperly admitted as evidence. We note that the defendant did not interpose an objection at trial to the form of the questioning and did not raise the issue in his motion for a new trial. Consequently, he has waived any alleged error. (*People v. Precup* (1978), 73 Ill. 2d 7, 16; *People v. Pickett* (1973), 54 Ill. 2d 280, 282; *People v. Gordon* (1980), 82 Ill. App. 3d 906, 915.) Furthermore, considering the facts and circumstances present here, particularly the fact that the complaining witness was a child, this contention is without merit.

As was set forth earlier in this opinion, Detective Rupp testified that on May 10, 1979, the defendant orally stated to him that he may have committed the crime in question but that he had been drinking. Nicholas Reiland stated that on the same day the defendant told him that he could have placed his mouth on the vagina of H. T. but that he had been drinking and could not remember. It is the admission into evidence of these statements which the defendant also assigns as prejudicial error.

■ It is very difficult to determine the exact nature of the defendant's contention here, since the argument in his brief is scanty and devoid of citation of authority. Apparently, he is asserting both that these statements were elicited in violation of his *Miranda* rights, and were not voluntarily made. At the outset, it should be noted that the defendant did not raise these arguments before trial, at trial or in his motion for a new trial. Therefore, any claim that these statements were inadmissible has been waived since the issue was not properly preserved for review. *People v.*

*Precup* (1978), 73 Ill. 2d 7, 16; *People v. Pickett* (1973), 54 Ill. 2d 280, 282; *People v. Gordon* (1980), 82 Ill. App. 3d 906, 915; *People v. McCue* (1977), 48 Ill. App. 3d 41, 45.

Even if this issue were properly before the court, the defendant's argument would not withstand close scrutiny. The evidence in this case clearly indicates that, before the defendant made the statements in question, he was given the requisite warnings in accordance with the procedural safeguards of *Miranda v. Arizona* (1966), 384 U.S. 436, 444-45, 16 L. Ed. 2d 694, 706-07, 86 S. Ct. 1602, 1612; that he understood his constitutional rights and the warnings; and that he voluntarily, knowingly and intelligently waived them. While it is true that the State has the burden of proving that the defendant knew his rights and waived them (*People v. Morgan* (1977), 69 Ill. 2d 200, 208; *People v. Roy* (1971), 49 Ill. 2d 113, 116), the evidence here demonstrates that the State has sustained its burden.

The second prong of the defendant's contention here is that the two statements in issue were not voluntarily made. In this regard, he is apparently arguing that the two statements were coerced or involuntarily obtained from him as a result of a polygraph examination and that he made the statements after he had been told that the lie detector test indicated that he was not telling the truth. There is a dearth of evidence in the record regarding the purported polygraph examination allegedly conducted by Nicholas Reiland. This lack of evidence is due to the fact that the trial court granted the defendant's motion *in limine* which requested that the court prohibit the State from introducing evidence at trial which would identify Nicholas Reiland as a polygraph examiner or which would refer to a polygraph examination.

While it appears that the defendant did submit to a polygraph examination conducted by Nicholas Reiland, there is no evidence in the record indicating when or where he took the test, whether the defendant was detained or otherwise in custody at the time of the examination, whether he voluntarily submitted to the test or whether he was able to depart without hindrance at the conclusion of the interview. We emphasize that the defendant has failed to point out any evidence in the record demonstrating the presence of any of the factors and circumstances which have moved courts of this State to hold that statements made by the accused were not voluntary or were the product of coercion. (*E.g., People v. Jackson* (1968), 41 Ill. 2d 102, 110; *People v. Sims* (1946), 395 Ill. 69; see *People v. McCue* (1977), 48 Ill. App. 3d 41, 44.) Nor has our examination of the record disclosed any evidence that the statements were the result of coercion or other improper conduct or otherwise improperly admitted into evidence.

■■ Finally, as the State correctly points out, even had the admission of these statements constituted error, such error was harmless. The testimony of H. T. and R. T. alone unquestionably demonstrated the guilt of the defendant beyond a reasonable doubt. Since the guilt of the defendant was overwhelmingly established by direct and competent evidence, the alleged erroneous introduction into evidence of the defendant's inculpatory statements amounted to harmless error beyond a reasonable doubt. *People v. Riszowski* (1974), 22 Ill. App. 3d 741, 749-50.

The defendant also assigns as prejudicial error the following statement made by the prosecutor during closing argument: "The only way that you can find this defendant not guilty is to believe that he is not guilty beyond a reasonble doubt." He then continued: "In other words he must be guilty beyond a reasonable doubt or you cannot find him guilty." Earlier in his closing argument, the State's Attorney had also stated that it was the State's burden to prove the defendant guilty beyond a reasonable doubt.

■■ At the outset, it must be noted that the defendant did not object to the prosecutor's statement at the time it was made and did not raise this alleged error in his post-trial motion. Consequently, any claim of error here has been waived.

Apart from the waiver issue, it is apparent that the prosecutor's remark was an incorrect statement of the law and hence error. However, it is well established that a reviewing court will not reverse a conviction because of an improper comment by the prosecutor unless the defendant demonstrates that the improper comment was a material factor contributing to his conviction and the verdict would have been different had the remark not been made. (*People v. Nicholls* (1969), 42 Ill. 2d 91, 100, *cert. denied* (1970), 396 U.S. 1016, 24 L. Ed. 2d 507, 90 S. Ct. 578; *People v. Naujokas* (1962), 25 Ill. 2d 32, 38; *People v. Mullen* (1980), 80 Ill. App. 3d 369, 374.) Furthermore, it is a truism that an accused is guaranteed a fair and impartial trial not one totally free from error. *People v. Ashley* (1960), 18 Ill. 2d 272, 282, *cert. denied* (1960), 363 U.S. 815, 4 L. Ed. 2d 1157, 80 S. Ct. 1255; *People v. Ford* (1980), 83 Ill. App. 3d 57, 72-73.

We conclude that the prosecutor's misstatement of the law was not of sufficient magnitude to warrant reversal given (1) the overwhelming evidence of the defendant's guilt, (2) the fact that the prosecutor immediately corrected himself in the next sentence and also correctly articulated the State's burden of proof elsewhere in his closing argument and (3) that the jury was given Illinos Pattern Jury Instruction, Criminal, No. 2.03 (1968), which correctly informed the jury that the State was required to prove the defendant guilty beyond a reasonable doubt and

that the defendant was not required to prove his innocence. Lastly, the prosecutorial error did not deny the defendant a fair and impartial trial. Thus, the statement was harmless error.

The defendant asserts that his principal defense in this case is "that the child's mother made these charges [against him] after she had seriously cut him with a knife and inflicted injury that required hospitalization because he had refused to marry her, and that some eleven days later she made the complaint in this case against him when she was about to be charged with assault with a deadly weapon." As was indicated earlier, the trial court struck the testimony regarding the marriage plans, the infliction of the knife wounds and the subsequent hospitalization upon the motion of the State. The defendant contends that the court's refusal to admit this allegedly essential testimony deprived him of a fair trial and constituted reversible error.

■■ In support of his position here, the defendant relies solely on *People v. Everhart* (1974), 22 Ill. App. 3d 727. While we agree with the statement in *Everhart* that an accusation of indecent liberties with a child is a charge easily made, difficult to prove and more difficult to defend against (22 Ill. App. 3d 727, 731), it is also true, as the *Everhart* court pointed out, that a reviewing court will not disturb a conviction for indecent liberties with a child where the defendant denies the charge, if there is either some corroboration of the testimony of the complaining witness or the complainant's testimony is otherwise clear and convincing. 22 Ill. App. 3d 727, 729.

The facts before us are distinguishable from those presented to the court in *Everhart*. In *Everhart*, the court found that the case against the defendant had not been proved beyond a reasonable doubt both because the testimony of the complaining witness was not clear and convincing and there was no corroboration. Furthermore, the court there reasoned that the failure of the State to call the mother of the victim as a witness under the circumstances of that case permitted the reasonable conclusion that the mother's testimony would be adverse to the State's case. This adverse inference, which the court drew, influenced its determination that the State had failed to prove its case beyond a reasonable doubt. 22 Ill. App. 3d 727, 731-32.

In the case at bar, the defendant's testimony concerning the incident in question, when measured against his admissions, was, at best, equivocal, whereas the complainant's testimony was both clear and convincing and corroborated. Given the facts of this case, there was no necessity to call the mother as a post-occurrence witness, and no adverse inference can be drawn from the State's failure to do so.

Moreover, the testimony the defendant sought to give concerning his

altercation with the victim's mother was not relevant to any of the issues of the case, and the subject matter of this testimony would have been admissible only if the mother had been questioned for the purpose of showing her bias when she appeared as a rebuttal witness against the defendant. The trial court did not err in striking the defendant's testimony.

As set forth earlier, the defendant was charged by information with two counts of indecent liberties with a child. Count I charged that he lewdly fondled the victim (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(3)), while count II charged an act of deviate sexual conduct (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(2)). He was convicted of both counts, and sentence was imposed on both counts. As his final assignment of error, the defendant contends that his conduct constituted a single act and consequently he could not be convicted of and sentenced for two offenses arising from the same act.

At the sentencing hearing, defense counsel, who is not counsel on appeal, agreed with the trial judge that concurrent sentences could properly be imposed. Also, there is no evidence in the record that he earlier objected to the fact that the defendant was being tried on both counts. In addition, the defendant did not raise the issue now before this court in his post-trial motion. However, we take cognizance of the error alleged here pursuant to the plain error rule. Ill. Rev. Stat. 1979, ch. 110A, par. 615(a); *People v. Cox* (1972), 53 Ill. 2d 101, 103.

The State cites *People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, in support of its position that the defendant committed two separate acts and consequently convictions and sentences on both counts may stand. In *People v. King*, the court was dealing with separate and distinct offenses, namely, rape and burglary. By contrast, the present case involves a single offense, indecent liberties with a child, which was committed in two separate ways. Hence, the case now before us is distinguishable from *People v. King*. Our supreme court implicitly recognized this distinction in its opinion in *People v. Cox* (1972), 53 Ill. 2d 101, 105-06, and again in *People v. Manning* (1978), 71 Ill. 2d 132, 135-37, which was rendered subsequent to the decision in *People v. King*.

The defendant's actions here in touching and feeling the child were so closely related in time and physical area to the subsequent act as to constitute but a preliminary to the act of deviate sexual conduct against the same victim. Each of these acts, the lewd fondling and the deviate sexual conduct, was one of three acts proscribed by the statute defining the offense of indecent liberties with a child. (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a).) "[W]here offenses arise from a single transaction and are

based upon two acts almost simultaneous in time, involving a single victim, each of which acts is among several proscribed by statute, the conduct constitutes a single offense and only one sentence should be imposed." (*People v. Stacker* (1979), 77 Ill. App. 3d 302, 312, citing *People v. Manning* (1978), 71 Ill. 2d 132, and *People v. Cox* (1972), 53 Ill. 2d 101; *People v. Britton* (1980), 80 Ill. App. 3d 482, 489.) We conclude that the trial court erred in entering a separate judgment and imposing a separate sentence on each count of the offense of indecent liberties with a child rather than on only one count.

Accordingly, the judgment of conviction and sentence imposed against the defendant, Robert L. Boyd, on count I of the information charging him with the offense of indecent liberties with a child by committing an act of lewd fondling or touching in violation of section 11—4(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(3)) is reversed and vacated. The judgment of conviction and the sentence imposed on count II of the information charging the defendant with the offense of indecent liberties with a child by committing an act of deviate sexual conduct in violation of section 11—4(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(2)) is affirmed.

Affirmed in part and reversed in part.

WOODWARD and NASH, JJ., concur.