THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN EDWARD SANDERS, Defendant-Appellant.

Fourth District   No. 4—89—0200

Opinion filed December 7, 1989.

484

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The defendant, John Edward Sanders, appeals from his conviction for aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14.) We affirm.

On April 26, 1988, the defendant was charged by information in Vermilion County with two counts of aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14.) The charged misconduct was that the defendant, who was 17 years of age or older, committed an act of sexual penetration with the victim, S.J., who was under 13 years of age, on two separate occasions in the fall of 1987. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1).) On December 14, 1988, a jury found the defendant guilty on both counts of aggravated criminal sexual assault. On March 3, 1989, the Vermilion County circuit court sentenced the defendant to concurrent nine-year terms of imprisonment.

S.J. testified she was born on December 5, 1974. She met the defendant in October of 1987. They engaged in unprotected sexual relations on two separate occasions. She became pregnant and gave birth to a child on July 5, 1988.

S.J. offered conflicting testimony on her age at trial. S.J. stated she had probably been 12 years old during the entire sexual contact period on direct examination. On cross-examination, however, S.J.

conceded she could have been 13 years old during that period. Attributing the conflicts in her testimony to inattentiveness and nervousness, S.J. confirmed she had to have been 12 years old during the entire sexual contact period because she was already pregnant on her thirteenth birthday.

Gene Woodard (Woodard), the investigating police officer, testified regarding his interview with S.J. in February of 1988. S.J. stated she was then 3½ to 4 months pregnant. She named the defendant as the sexual partner responsible for her pregnancy.

Woodard also testified regarding his interview with the defendant in February of 1988. The defendant voluntarily waived his *Miranda* rights. The defendant stated he had engaged in unprotected sexual relations with S.J. on two separate occasions in the fall of 1987. The defendant next stated he had known of the true age of S.J. on only the second occasion. The defendant stated it was possible for him to have impregnated S.J.

The defendant contends he was not proved guilty beyond a reasonable doubt of aggravated criminal sexual assault. In support of this contention, he asserts the evidence was conflicting on the age of the victim. The defendant therefore submits his conviction must be reversed. We disagree.

■ In sex offense cases, the issue of criminal culpability often depends on the credibility of the witnesses at trial. Credibility is a determination resting within the exclusive province of the jury. The jury will simultaneously resolve any testimonial conflicts in determining the credibility of the witnesses. (*People v. Collins* (1985), 106 Ill. 2d 237, 261-62, 478 N.E.2d 267, 277.) A court of review will reverse the determination of the jury only when the evidence is so improbable or unsatisfactory as to raise a reasonable doubt of criminal culpability. *People v. Boyd* (1980), 87 Ill. App. 3d 978, 983, 409 N.E.2d 392, 397.

■ Aggravated criminal sexual assault consists of three elements: (1) a defendant who is 17 years of age or older; (2) a victim who is under 13 years of age; and (3) an act of sexual penetration. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1); *People v. Roy* (1970), 124 Ill. App. 2d 52, 61, 260 N.E.2d 5, 9.) The sole element in dispute is the age of the victim.

■ We believe the evidence was sufficient for the jury to have reasonably found the defendant guilty of the charged misconduct. S.J. testified she had been 12 years old during the entire sexual contact period. Her credibility as a witness was not seriously undercut even though the defense may have assailed her testimony on cross-examination. (See *People v. Voight* (1979), 72 Ill. App. 3d 472, 474-76, 391

N.E.2d 219, 221-22.) More importantly, the age testimony of S.J. was corroborated by an important and independent evidentiary factor: the voluntary statement of the defendant on his sexual relationship with S.J. and his admission he knew S.J. was 12 when he engaged in sexual relations with her the second time. We also note the successful delivery by S.J. of an apparently full-term child in July 1988. (See *Shockley v. State* (Tenn. App. 1978), 585 S.W.2d 645, 649.) Thus, we conclude the prosecution established the elements of aggravated criminal sexual assault beyond a reasonable doubt at trial.

The defendant also contends he was denied his constitutional right to confront the witnesses against him. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8; see also *Pointer v. Texas* (1965), 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065; *People v. Tennant* (1976), 65 Ill. 2d 401, 358 N.E.2d 1116.) In support of this contention, he asserts it was necessary to cross-examine S.J. regarding other sexual partners to effectively test her credibility as a witness. The defendant contends his conviction must be reversed. We disagree.

The record discloses the defense attempted to question S.J. regarding the possibility some other sexual partner could have been responsible for her pregnancy. The prosecution immediately objected to the question and ultimately moved for a mistrial on the basis of the rape-shield statute. (Ill. Rev. Stat. 1987, ch. 38, par. 115—7.) The circuit court sustained the objection of the prosecution. The defense then made an offer of proof that S.J. had engaged in sexual relations with a person other than the defendant in February of 1988.

The rape-shield statute provides in pertinent part:

> "In prosecutions for aggravated criminal sexual assault *** the prior sexual activity or the reputation of the alleged victim is inadmissible except as evidence concerning the past sexual conduct of the alleged victim with the accused." (Ill. Rev. Stat. 1987, ch. 38, par. 115—7(a).)

The underlying policy is twofold. First, the statute prevents the defendant from harassing and humiliating the complaining victim with irrelevant evidence of her reputation for chastity or of specific prior sexual activity with third persons. Second, the statute promotes effective law enforcement because victims will be more likely to report sexual offenses when the details of their prior sexual activity cannot be made public. *People v. Cornes* (1980), 80 Ill. App. 3d 166, 175-76, 399 N.E.2d 1346, 1352-53; *People v. Ellison* (1984), 123 Ill. App. 3d 615, 626, 463 N.E.2d 175, 183-84.

In criminal trials, the defendant is generally accorded wide latitude in his cross-examination of the witnesses for the prosecution.

Cross-examination "is not [an] absolute [right,] and may, in appropriate cases, bow to accommodate other legitimate [evidentiary] interests in the criminal trial process." (*Chambers v. Mississippi* (1973), 410 U.S. 284, 295, 35 L. Ed. 2d 297, 309, 93 S. Ct. 1038, 1046.) Accordingly, a ruling of the circuit court limiting the scope of cross-examination will not be altered on review absent an abuse of discretion resulting in manifest prejudice to the defendant. *People v. Neafus* (1976), 39 Ill. App. 3d 365, 371, 353 N.E.2d 68, 73-74.

The defendant did not demonstrate the relevance of the excluded testimony to his theory of defense in this case. The offer of proof made by the defense only refers to the sexual activity of S.J. in February of 1988. S.J. was 3½ to 4 months pregnant at that time. The offer of proof also makes vague reference to exploring whether S.J. had sexual relations with the same person she had contact with in February 1988, or someone else, "prior to that time." How is the trial court to intelligently assess an offer of proof unless the offer clearly suggests the defendant's focus? In order to overcome the prohibition of the rape-shield statute, a defendant must demonstrate the relevance of the testimony sought to be elicited.

■ S.J.'s sexual activity in February 1988 had no connection to the charged offense or to the birth of a child in July 1988. Sexual activity "prior to that time" could be relevant but the offer of proof was not adequate and the record does not support such a line of inquiry. The ruling of the circuit court limiting the scope of cross-examination did not deny the defendant of his constitutional right to confrontation.

The conviction judgment of the Vermilion County circuit court is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.