THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON MASON, Defendant-Appellant.

Fourth District No. 4—90—0311

Opinion filed September 12, 1991.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Alan D. Tucker, State's Attorney, of Havana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Following a jury trial in the circuit court of Mason County, defendant Jason Mason was convicted of two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)) and sentenced to a term of 15 years' imprisonment. Defendant now appeals from his conviction and sentence.

T.N., the seven-year-old victim, lived with two siblings and her father. The defendant, who at the time of the alleged offenses was 17 years of age, baby-sat for his young sisters, as well as for T.N. and her siblings. The alleged offense took place during the baby-sitting. Other

than T.N., no witnesses saw the alleged violations. Witnesses repeated what T.N. had reported to them. An obstetrician-gynecologist testified as to what T.N. told her and that she had discovered irregularities in T.N.'s hymenal ring and introitus which reflected old injuries. She testified that T.N.'s hymenal ring was not opened to a degree that a penis could have entered and agreed a jumbo crayon could fit.

A retired police psychologist was called by the State as an expert witness and testified that inappropriate knowledge by a child of sexual activity, inappropriate play or activity with other children, and inappropriate sexual behavior with adults are behavioral characteristics of sexually abused children. A Department of Children and Family Services (DCFS) investigator, who repeated what T.N. told her during cross-examination, testified that T.N. indicated the defendant "did it to" his two young sisters "too." This testimony had previously been barred by the trial court.

## I

■ First, we address defendant's allegation that the trial court erred in refusing evidence that T.N. had viewed sexually explicit videotapes. This testimony and testimony regarding T.N. putting things in her vagina was prohibited by the trial court, on the theory it was barred by the Illinois rape-shield statute, section 115—7 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—7), which provides, in part:

> "In prosecutions for aggravated criminal sexual assault *** the prior sexual activity or the reputation of the alleged victim is inadmissible except as evidence concerning the past sexual conduct of the alleged victim with the accused." Ill. Rev. Stat. 1989, ch. 38, par. 115—7(a).

■ We now hold that the rape-shield statute does not apply to the facts before us for two reasons. First, the rape-shield statute applies to "prior sexual activity" or "reputation." The viewing of pornographic videotapes by a curious seven year old does not constitute evidence of either. Second, the policies behind the rape-shield statute were the prevention of harassment and humiliation of victims and the encouragement of victims to report sexual offenses. (*People v. Sanders* (1989), 191 Ill. App. 3d 483, 486, 548 N.E.2d 103, 105.) Those policies cannot justify denying a defendant the right to refute evidence which tends to establish sexual abuse took place. The right to confront and call witnesses on one's own behalf are essential to due process. (*Chambers v. Mississippi* (1973), 410 U.S. 284, 294, 35 L. Ed. 2d 297, 308, 93 S. Ct. 1038, 1045.) The State's psychologist, by stating sexual knowledge is ev-

idence of abuse, made relevant T.N.'s other sources of knowledge of sexual conduct. The defendant was, in part, seeking to show T.N. was not sexually abused. Needless to say, this was critical to the defense. The observation of sexually explicit videotapes, in this case referred to as XXX-rated, could well justify a fact finder's determination that a child's acting out could have been caused from her observations. When knowledge of sexual activities becomes an issue, as in the present case, the rape-shield statute does not apply, and due process precludes its application.

We are aware there were various XXX-rated videotapes available, and the evidence was not clear as to which had been observed. Considering that themes of obscenity can be somewhat consistent, we find it necessary, in the present case, to say a sample, as tendered by the defense, should have been admitted. Because of the importance of the knowledge issue, we hold that refusal to admit this information was reversible error.

Cross-examination of the examining doctor who testified at trial established that the injury to the vaginal area could have been caused by repeated insertion in her vagina, by T.N., of jumbo crayons and other items. Evidence of such conduct then became relevant as to cause of the injuries as testified to by the doctor. The injury evidence was introduced to prove the abuse took place. Evidence that the injury may have been otherwise caused was also critical to the due-process rights of the defendant, and is not barred by the rape-shield statute. The rape-shield statute should be construed and applied so as to uphold the constitutional rights of the defendant, while creating the least possible interference with the legislative purpose reflected in the statutes. *Summitt v. Nevada* (1985), 101 Nev. 159, 162, 697 P.2d 1374, 1376.

## II

Based upon the State's motion *in limine* which was filed prior to trial, the court prohibited any reference to misconduct by the defendant toward his two young sisters. The State's motion was precipitated by defendant's desire to call the girls so they could testify that the defendant had not abused them. During cross-examination of the State's DCFS witness, that witness unnecessarily expanded an answer by saying, "She [T.N.] indicated he did it to [his stepsisters], too." Immediately after this answer, defense counsel requested a conference at the bench, which was not recorded by the court reporter. No bystander's report of this conference was made part of the appellate record. This failure indicates the necessity for counsel and the court to be certain a complete record is maintained throughout a trial.

 Generally, in a child sexual-abuse case, acts of abuse with children other than the present complainant are not admissible as proof of the crime charged unless they show intent, motive, identity, absence of mistake, knowledge, common design, scheme or plan, or *modus operandi*. (*People v. Esterline* (1987), 159 Ill. App. 3d 164, 168, 512 N.E.2d 358, 361, *appeal denied* (1987), 117 Ill. 2d 548.) Erroneous admission of evidence of other crimes carries a high risk of prejudice and, ordinarily, calls for reversal. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 140, 402 N.E.2d 238, 244.) The State, while contending the error was waived, admits the evidence was not admissible. We find the suggestion that defendant had perpetrated the same crimes against his six- and seven-year-old stepsisters is highly prejudicial, and it is error which requires reversal. We do not agree that defendant waived objection to this testimony. The circumstantial evidence regarding the conference at the bench, immediately after the objectionable statement, established that defense counsel objected to the testimony.

### III

 In an odd twist, after insisting that pornographic videotapes should be admitted to show T.N.'s knowledge of sexual behavior, defendant argues it was error to introduce evidence that he showed T.N. pornographic movies. However, as we have already indicated, evidence of uncharged wrongdoing may be admitted to show defendant's intent, knowledge, or motive. Such evidence is admissible in cases where the proffered evidence is so clearly connected with the main issue in the case at bar as to tend to prove the accused guilty of the offense charged. (*People v. Daugherty* (1983), 112 Ill. App. 3d 541, 545, 445 N.E.2d 473, 475.) Evidence indicating the defendant showed T.N. pornography suggests his intent at self-arousal and could be logically interpreted as a scheme to seduce the child. The court's ruling allowing this evidence was correct.

### IV

Defendant also contends that the trial court erred by prohibiting him from presenting witnesses at T.N.'s competency hearing who would testify that she lied frequently and had a poor reputation for telling the truth.

 The Illinois witness competency statute states that every witness, regardless of age, is presumed competent to testify. (Ill. Rev. Stat. 1989, ch. 38, par. 115—14(a).) A witness may be disqualified if the moving party can demonstrate that the witness is either incapable of expressing himself or is "[i]ncapable of understanding the duty of a wit-

ness to tell the truth." (Ill. Rev. Stat. 1989, ch. 38, par. 115—14(b)(2).) The question of a minor witness' competency is for the trial court, and its competency ruling will not be disturbed absent an abuse of discretion or a misapprehension of some legal principle. (*People v. Born* (1987), 156 Ill. App. 3d 584, 587, 509 N.E.2d 125, 126, *appeal denied* (1987), 116 Ill. 2d 563.) Neither of the foregoing bases for reversal is present in this case.

Section 115—14 suggests that intellectual rather than moral fitness is the true measure of witness competency. The witness competency statute indicates that a witness may be disqualified if she is incapable of understanding the duty to tell the truth (Ill. Rev. Stat. 1989, ch. 38, par. 115—14(b)(2)), but does not provide that a witness who is unlikely to tell the truth may be disqualified. The latter is a credibility determination best left to the trier of fact.

■ This court has recently stated, "It is not the trial court's role to evaluate witnesses and to permit the testimony of only those witnesses the court finds credible. Credibility determinations are peculiarly within the province of the jury and may never be the basis to reject otherwise admissible testimony." (*People v. Trail* (1990), 197 Ill. App. 3d 742, 748, 555 N.E.2d 68, 73.) Accordingly, we reject defendant's argument that in order to meet his burden under section 115—14 to demonstrate that T.N. is not qualified to be a witness, he should be permitted to call witnesses who would testify either that T.N. had lied to them or that T.N. had a bad reputation for telling the truth. Such evidence has no relevance when a court decides whether a witness is qualified under section 115—14 to testify. The trial court did not err by refusing to consider T.N.'s credibility in determining her competence to testify.

## V

■ T.N. apparently made accusations of defendant's sexual abuse two years prior to the current charges. Defendant's request to introduce evidence that "two years ago the alleged victim had accused the Defendant and DCFS had found that accusation to be unfounded" was denied by the trial court. Defendant says this denial was reversible error. A complainant's prior or subsequent unfounded allegations of sexual abuse against the accused may be admissible, if they bear upon the complainant's credibility. (*People v. Howard* (1983), 113 Ill. App. 3d 380, 447 N.E.2d 473; *People v. Nicholl* (1991), 210 Ill. App. 3d 1001, 569 N.E.2d 604.) However, a trial court may exclude evidence when its relevance is so speculative that it is of little probative value. (*People v. Gorney* (1985), 107 Ill. 2d 53, 60, 481 N.E.2d 673, 675.) A reviewing court will not substitute its judgment for that of the trial court on issues of admis-

sibility absent a clear showing of abuse. (*People v. Ward* (1984), 101 Ill. 2d 443, 455-56, 463 N.E.2d 696, 702.) The evidence of the prior accusation comes from a voluminous file, including DCFS records, interviews, and reports. While defendant wants to use a DCFS determination or suggestion not to prosecute or continue proceedings, the file also indicates defendant did admit improper touching of T.N. The decision by DCFS to recommend not pursuing an action was not a judicial decision, and is not a final determination that the accusations by T.N. were false. In *Clinebell v. Commonwealth* (1988), 235 Va. 319, 368 S.E.2d 263, the Virginia Supreme Court noted that "a majority of jurisdictions that have considered the issue hold that evidence of prior false accusations is admissible to impeach the complaining witness' credibility or as substantive evidence tending to prove that the instant offense did not occur." (*Clinebell*, 235 Va. at 324, 368 S.E.2d at 265 (and authorities cited therein).) However, the court explained that such evidence is admissible "only if a court makes a threshold determination that a reasonable probability of falsity exists." (*Clinebell*, 235 Va. at 325, 368 S.E.2d at 266.) Although Illinois courts have not articulated a similar threshold requirement, it seems that general relevance considerations would require the movant to demonstrate that the proffered testimony would prove it more likely than not that the prior accusations were false. Without such a showing, the probative value of the evidence would be slight. As we have indicated, the defendant's proffered evidence, *i.e.*, the DCFS files, does not establish that it was more likely that the prior accusation was false. The trial court's ruling was correct. See *Gorney*, 107 Ill. 2d at 60, 481 N.E.2d at 675 (and cases cited therein).

## VI

■ Defendant contends that the convictions must be reversed because the jury instructions for aggravated criminal sexual assault did not specify a mental state. Our court ruled adverse to defendant's contention in *People v. Burton* (1990), 201 Ill. App. 3d 116, 123-29, 558 N.E.2d 1369, 1374-78 (Steigmann, J., concurring in part and dissenting in part). In *People v. Smith* (1991), 209 Ill. App. 3d 1043, 1061, 568 N.E.2d 482, 493, this court reaffirmed its decision in *Burton*, and we decline to review the issue further.

Finally, as this case is being remanded for retrial, we elect to refrain from comment on the propriety of the trial court's sentence.

Reversed and remanded.

GREEN and STEIGMANN, JJ., concur.