THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALLACE BOBO, Defendant-Appellant.

Fifth District    No. 5—94—0309

Opinion filed March 13, 1996.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Patrick Duffy, State's Attorney, of Mound City (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

After a jury trial, defendant, Wallace Bobo, was found guilty of aggravated criminal sexual abuse and was sentenced to three years' imprisonment by the circuit court of Pulaski County. Defendant appeals, contending he was denied a fair trial through the erroneous admission of hearsay evidence and evidence of "other crimes." We reverse and remand this cause for a new trial.

Prior to the surfacing of the allegations in this case, defendant had been a health teacher and athletic director or coach at Meridian High School for some 28 years. According to the testimony of one of the female students in his class, L.G., on February 25, 1991, defendant allegedly sexually abused her in his office during school hours. Sometime that day, L.G. informed defendant she had a headache and asked if he had any aspirin. Defendant gave her the aspirin and, after doing so, asked her to return to his office to speak with him after her last class. L.G. returned to defendant's office at approximately 3 p.m. According to L.G., defendant asked her to take a seat and put her books down, and then he started talking to her about her day. L.G. began to feel uncomfortable and got up to leave. Defendant asked her for a hug first. L.G. complied, and while he was hugging her, defendant allegedly touched her on the buttocks. Defendant then allegedly moved his hand to her breast and tried to kiss her. L.G. protested, telling defendant to stop, while hitting him. Defendant stopped and informed L.G. that if she ever changed her mind, she knew where to find him. As L.G. walked out of the office, defendant pinched her breast. After the incident, L.G. waited outside the door for one of her friends. Once they left school grounds, L.G. told her friend about the encounter. The next day, L.G. called the sex education teacher at school and discussed the incident with her. L.G. then informed her parents and the principal of the school the following day.

During the investigation conducted by the Illinois Department of Children and Family Services (DCFS), several other students came forward recounting various incidents of having been fondled or spoken inappropriately to by defendant. The investigation resulted in defendant being charged with two counts of aggravated criminal sexual abuse against another female student, T.F. A jury trial on these charges resulted in a mistrial as the jury could not agree on a unanimous verdict. The State then filed two additional counts of aggravated criminal sexual abuse involving L.G. and another female student, J.R. The first two counts involving T.F. and the count involving J.R. ultimately were dismissed, and the case proceeded on the charges involving L.G. alone. Defendant was found guilty of aggravated criminal sexual abuse against L.G.

Defendant contends on appeal that he was denied a fair trial through the admission of hearsay evidence presented by the DCFS investigator. Specifically, defendant complains about the testimony pertaining to reports of allegations made against defendant by nine different high school girls. Defendant also finds fault with the investigator's statement that 98% of complainants in child sexual abuse cases are truthful. Defendant further contends he was denied a fair trial by the admission of evidence of "other crimes." We begin with defendant's second argument.

■ Generally, evidence of other crimes or wrongful conduct is not admissible to show the defendant's character or propensity to commit crime or wrongful acts. (*E.g., People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 484, 485 N.E.2d 1292, 1295.) The underlying rationale is that such evidence is objectionable not because it has no appreciable probative value, but because it has too much. (*Kimbrough*, 138 Ill. App. 3d at 484, 485 N.E.2d at 1295-96.) The law distrusts the inference that because a man has committed other crimes, he is more likely to have committed the crime charged. (*Kimbrough*, 138 Ill. App. 3d at 484, 485 N.E.2d at 1296; see also *People v. Williams* (1994), 161 Ill. 2d 1, 39-40, 641 N.E.2d 296, 312.) Consequently, the erroneous admission of evidence of other crimes carries a high risk of prejudice and ordinarily calls for reversal. (*People v. Mason* (1991), 219 Ill. App. 3d 76, 80, 578 N.E.2d 1351, 1354.) Evidence of other crimes may be admissible, however, if relevant for any purpose other than to show the defendant's character or propensity to commit crime, such as motive, intent, identity, absence of mistake, knowledge, common design or scheme, or *modus operandi. (People v. Petitt* (1993), 245 Ill. App. 3d 132, 140, 613 N.E.2d 1358, 1370; *Mason*, 219 Ill. App. 3d at 80, 578 N.E.2d at 1354; *Kimbrough*, 138 Ill. App. 3d at 484-85, 485 N.E.2d at 1296.) Here the State introduced evidence of other wrongful acts, al-

legedly committed by defendant against several other female students, to show intent and/or motive and/or knowledge. The State, however, did not establish how such evidence showed motive, intent, or knowledge. Defendant denied that the entire incident with L.G. ever occurred; he did not claim he accidentally touched her, nor did he give some other type of excuse. The evidence offered by the State both through the testimony of the students and the DCFS investigator served only to demonstrate defendant's alleged propensity to sexually assault or harass female students. Particularly noteworthy were alleged instances of defendant grabbing a student's breast while walking down a hall or defendant allegedly rubbing a student's thigh while taping her ankle. Much of the evidence lacked any similarity to the incident at bar, other than that it involved the alleged fondling of a female student at the hands of defendant. Admittedly, two of the alleged encounters with other students reveal several similarities. Nevertheless, all of the evidence served only to show defendant's propensity to commit the crime charged. Admitting into evidence separate acts of sexual misconduct with other students at other times and places for the purposes of showing intent, guilty knowledge, accident, or absence of mistake simply is unnecessary, as these factors are shown by testimony concerning the act itself. (*People v. Woltz* (1992), 228 Ill. App. 3d 670, 674, 592 N.E.2d 1182, 1185.) The erroneous admission of such evidence, being highly prejudicial in nature, calls for reversal. As we have stated before, when the outcome of a trial depends entirely on the credibility of an accuser and the defendant, no error should be permitted to intervene. *Woltz*, 228 Ill. App. 3d at 676, 592 N.E.2d at 1186-87; see also *People v. Lawler* (1991), 142 Ill. 2d 548, 561-62, 568 N.E.2d 895, 901.

 Because of our disposition of this issue, we need not address defendant's hearsay contentions involving the DCFS investigator's recounting of the numerous uncharged accusations against defendant made by other female students. Such evidence simply is inadmissible in this instance, no matter how presented. We therefore need only address the investigator's statement pertaining to the general credibility of alleged child abuse victims, as this may resurface in defendant's new trial. At trial, the investigator was asked whether he had ever had an alleged victim falsify an accusation of sexual abuse, to which the investigator responded yes. Defense counsel then asked:

"Q. That is a distinct possibility in any case, is it not, especially when inconsistencies are elicited in the statement of the alleged victim?

A. It is possible but very remote.

Q. Because you put your trust in every victim?

A. No, national statistics indicate that ninety-eight percent of the time when a child makes an allegation of sexual abuse they are telling the truth.

Q. What statistics are you relying on?

A. Statistics that I have reviewed in specialized training that I have had in child sexual abuse investigations.

Q. That they are telling the truth about all things? That's what that survey said?

A. They are telling the truth that they are sexually abused in ninety-eight percent of the cases."

In closing argument, the prosecutor reiterated numerous times that 98% of all sexual abuse victims are telling the truth. We initially note that the investigator's answer was not a direct response to defense counsel's question, and the investigator never identified the study or survey upon which he relied. Not only was defendant prevented from directly challenging the statistics, once the information was out, the prosecutor repeatedly highlighted the answer. The credibility of witnesses is for the trier of fact, not a DCFS investigator or other expert. As one commentator has stated: "[S]uch testimony invites the jury to convict the defendant on the basis of a statistical probability rather than on the basis of the evidence in the case." See D. McCord, *Expert Psychological Testimony About Child Complainants in Sexual Abuse Prosecutions: A Foray Into the Admissibility of Novel Psychological Evidence*, 77 J. Crim. L. & Criminology 1, 55 (1986).

The State counters that defendant failed to preserve the issue for appeal by failing to object at trial or raise the matter in his post-trial motion. Given the fact that such testimony clearly invaded the province of the jury, we find plain error. *People v. Eddington* (1984), 129 Ill. App. 3d 745, 770-71, 473 N.E.2d 103, 120-21.

For the aforementioned reasons, we reverse the judgment of the circuit court of Pulaski County and remand this cause for a new trial.

Reversed and remanded.

GOLDENHERSH and KUEHN, JJ., concur.